**UNITED STATES of America,
Respondent–Appellee,**

v.

**Marvin R. "Rusty" HALL,
Petitioner–Appellant.**

No. 86–1897.

United States Court of Appeals,
Tenth Circuit.

March 28, 1988.

Richard D. Esper, El Paso, Tex., for petitioner-appellant.

Susan W. Pennington, Asst. U.S. Atty. (Layn R. Phillips, U.S. Atty., and Kenneth P. Snoke, Asst. U.S. Atty., were on the brief), for respondent-appellee.

Before HOLLOWAY, Chief Judge, MOORE and TACHA, Circuit Judges.

TACHA, Circuit Judge.

Marvin Ralph "Rusty" Hall appeals from the district court's denial of his motion to vacate his conviction. For the reasons explained, we affirm.

In July, 1982, a grand jury indicted Hall charging him with conspiring to commit certain drug felonies in violation of 21 U.S.C. § 846 and engaging in a continuing criminal enterprise (CCE) in violation of 21 U.S.C. § 848. Hall was convicted on both counts. He appealed, and this court vacated the conspiracy conviction on the grounds that 21 U.S.C. § 846 (conspiracy) is a lesser offense included within 21 U.S.C. § 848 (continuing criminal enterprise). *United*

*States v. Dickey,* 736 F.2d 571, 596–97 (10th Cir.1984); *see Jeffers v. United States,* 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977). Hall then brought this collateral attack on his conviction pursuant to 28 U.S.C. § 2255 arguing that his CCE conviction should be vacated. He claimed first that the conspiracy count of the indictment was improperly used by the jury to convict him of engaging in a continuing criminal enterprise and, second, that he was denied the effective assistance of counsel both at trial and on appeal. The district court denied Hall's motion to vacate his CCE conviction. Hall appeals.

## I.

Hall's first claim is that he was improperly convicted of engaging in a continuing criminal enterprise. More specifically, Hall contends that (1) because the conspiracy charged in count one under section 846 is a lesser included offense of section 848, it was improperly used as a predicate offense underlying the CCE charge in count two, and (2) the overt acts listed in the count one conspiracy charge were improperly used to satisfy the "continuing series of violations" requirement of the CCE statute.

Hall did not raise either of these claims at trial or on appeal; he raises them for the first time in this collateral attack on his conviction. We note that Hall potentially faced a serious problem in his attempt to bring this collateral attack given his failure to raise these issues on appeal. We have held that "[section] 2255 is not available to test the legality of matters which should have been raised on appeal." *United States v. Khan,* 835 F.2d 749, 753 (10th Cir.1987). In *United States v. Frady,* 456 U.S. 152, 165, 167–68, 102 S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1982), the Supreme Court stressed that "a final judgment commands respect," and announced the following standard for obtaining collateral relief:

> [T]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) "cause" excusing his double procedural default, and (2) "actual

prejudice" resulting from the errors of which he complains.

Were this standard to be employed we would face a much different case.

■ However, the government failed to argue, either below or on this appeal, that the *Frady* standard should apply. "It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976). We hold that because of the government's failure to raise this issue, it is deemed to have waived its interest in the finality of the judgment. *See United States v. Auerbach,* 745 F.2d 1157, 1160 (8th Cir.1984) (the government did not raise the "cause and prejudice" issue in the district court, and the appellate court accordingly refused to decide the case on that ground); *United States v. Caceres,* 745 F.2d 935, 936 (5th Cir.1984) (defendant did not raise an issue on direct appeal, but because the government did not raise the waiver issue to the district court it could not rely on it). *Cf. Barksdale v. Blackburn,* 670 F.2d 22, 24 (5th Cir.) (failure to raise the claim that defendant had not exhausted state remedies constitutes a waiver, and the court of appeals may decide the issue on the merits), *cert. denied,* 457 U.S. 1109, 102 S.Ct. 2912, 73 L.Ed.2d 1319 (1982).

■ The first error Hall alleges is the use of the conspiracy violation to satisfy one of the elements of the CCE count. The essential elements of the crime of engaging in a continuing criminal enterprise are listed in 21 U.S.C. § 848(d) and include the following:

(1) a continuing series of violations of the Controlled Substances Act of 1970, 21 U.S.C. §§ 801 *et seq.,* (2) the violations were undertaken in concert with five or more other persons with respect to whom the accused acted as organizer, supervisor or manager, and (3) from which the accused obtained substantial income or resources.

*Dickey,* 736 F.2d at 587. Hall argues that given the "in concert" requirement of section 848, "there can never be a § 848 viola-

tion without a violation of § 846." We agree that the conspiracy in this case is a lesser included offense of engaging in a criminal enterprise. For this reason we vacated Hall's conspiracy conviction and sentence. *Dickey,* 736 F.2d at 597. However, it does not follow that, as Hall argues, a lesser included conspiracy may not "be used as the felony violation required by § 848(b)(1)."

The language of section 848 is plain. The first element of the crime is the violation of "any provision of this subchapter." 21 U.S.C. § 848(b)(1). We find no ambiguity here. As the Second Circuit points out:

Section 848(a)(1) provides that *any* felony violation of Subchapters I and II of Chapter 13 of Title 21 is an eligible predicate, and nothing in the text of either § 848 or § 846 suggests that although a § 846 conspiracy is such a felony it does not qualify as a predicate for a § 848 charge. The reference in § 848 to "any" felony violation of the narcotics laws does not mean "any felony violation except a § 846 conspiracy".

*United States v. Young,* 745 F.2d 733, 750 (2d Cir.1984) (emphasis original), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1842, 85 L.Ed.2d 142 (1985). "Absent a clearly expressed legislative intention to the contrary," this clear language "must ordinarily be regarded as conclusive." *Consumer Prod. Safety Comm. v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). We find no indication that Congress did not intend a violation of section 846 to be eligible as a basis for a section 848 charge. *Young,* 745 F.2d at 751 (review of legislative history reveals "no indication whatsoever" of a contrary legislative intent).

Nonetheless, Hall argues that a lesser included conspiracy violation is ineligible as a predicate for a CCE charge. He cites for this proposition the cases of *United States v. Jefferson,* 714 F.2d 689 (7th Cir.1983), *vacated,* 474 U.S. 806, 106 S.Ct. 41, 88 L.Ed.2d 34 (1985), and *United States v. Lurz,* 666 F.2d 69 (4th Cir.1981), *cert. denied,* 459 U.S. 843, 103 S.Ct. 95, 74 L.Ed.2d

87 (1982). In both cases the court was called upon to decide whether the government subjected a defendant to double jeopardy by using evidence of a conspiracy for which he or she had already been convicted to prove one or more of the elements of a CCE violation. In dicta both courts suggested that section 846 may not "serve as [a] predicate offense[ ] for a conviction under § 848." *Jefferson,* 714 F.2d at 702 n. 27. *See also Lurz,* 666 F.2d at 76.

These cases are not persuasive. The *Jefferson* opinion was vacated by the Supreme Court, 474 U.S. at 806, 106 S.Ct. 41. In *United States v. Markowski,* 772 F.2d 358, 361 n. 1 (1985), *cert. denied,* 475 U.S. 1018, 106 S.Ct. 1202, 89 L.Ed.2d 316 (1986), the Seventh Circuit left open the question of whether that circuit would follow the *Jefferson* dicta or "now permit the use of convictions under § 846 as predicate offenses." *Jefferson* therefore offers only weak, if any, support for Hall's claim. Furthermore, the Fourth Circuit has expressly abandoned the dicta in *Lurz.* The court held that "the dicta in *Lurz* " is "not the law of this circuit," and that "the government may rely on a § 846 violation to establish a § 848 offense." *United States v. Ricks,* 802 F.2d 731, 737 (4th Cir.) (en banc), *cert. denied,* — U.S. ——, 107 S.Ct. 650, 93 L.Ed.2d 705 (1986). This holding places the Fourth Circuit in agreement with a number of other circuits that have addressed this issue. *Young,* 745 F.2d at 748–52; *United States v. Schuster,* 769 F.2d 337, 345 (6th Cir.1985), *cert. denied,* 475 U.S. 1021, 106 S.Ct. 1210, 89 L.Ed.2d 322 (1986); *United States v. Brantley,* 733 F.2d 1429, 1436 n. 14 (11th Cir.1984), *cert. denied,* 470 U.S. 1006, 105 S.Ct. 1362, 84 L.Ed.2d 383 (1985); *United States v. Middleton,* 673 F.2d 31, 33 (1st Cir.1982). We hold that the government may rely on a section 846 violation to establish a section 848 violation. There was no error in allowing his conspiracy violation to establish a CCE offense.

Hall raises a second objection to his CCE conviction. Besides objecting to the use of the conspiracy violation itself, Hall objects to the government's reliance on specified overt acts listed in the conspiracy count to satisfy the "series of violations" requirement in the CCE count. Hall claims that the court improperly lead the jury to believe that if it found him guilty of conspiracy, it had already found the existence of a continuing series of violations. The court carefully instructed the jury that to convict Hall it had to find that he committed at least three felony violations of federal drug laws. The court also instructed that each of the specified overt acts would, *if proved,* constitute a felony drug violation.

The jury could have convicted Hall of conspiracy without finding that he committed *any* of the overt acts which were relied upon in count two. However, the judge told the jury in plain language that to convict Hall on the CCE count it had to find at least three felony drug violations. Reference to overt acts listed in the conspiracy count was merely a permissible means of identifying the felonies the government alleged met the "series of violations" requirement. We approve such reference to overt acts when, as here, the jury is properly instructed on the necessary elements of a CCE violation. *See Markowski,* 772 F.2d at 361; *Schuster,* 769 F.2d at 345.

Our conclusion, then, on both prongs of Hall's objection to his CCE conviction is that there was no error. Hall's first claim in this collateral attack fails.

## II.

The second part of Hall's section 2255 motion is his claim that he was denied the effective assistance of counsel. Hall and a codefendant were originally both represented by Robert G. Brown. Before trial, however, Hall and Brown agreed that Hall should employ a different attorney. Hall's new attorney, Patrick A. Williams, entered his appearance three weeks before trial. Hall argues that several facts surrounding Williams's representation give rise to a presumption of ineffectiveness without inquiry into counsel's actual performance at trial. *See United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). These include the short time Williams had

to prepare for trial, his failure to confer with Hall, and his lack of experience with CCE cases.

In *Cronic*, 466 U.S. at 658, 104 S.Ct. at 2046, the Supreme Court said that in certain circumstances it is unnecessary to examine the actual performance of counsel since a *presumption* of ineffectiveness arises. The Court wrote:

> Absent some effect of challenged conduct on the reliability of the trial process, the Sixth Amendment guarantee is generally not implicated.... There are, however, circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified.

To illustrate the circumstances that would meet this standard, the Court noted that a presumption of ineffectiveness arises if there is "a complete denial of counsel," if "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing," and if the defendant has been denied " 'the right of effective cross-examination.' " *Id.* at 659, 104 S.Ct. at 2047 (quoting *Davis v. Alaska*, 415 U.S. 308, 318, 94 S.Ct. 1105, 1111, 39 L.Ed.2d 347 (1974)). The Court then cited *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), as an example of a case in which a presumption of ineffectiveness was proper. In *Powell* the trial judge appointed " 'all members of the bar' " to represent the defendants for purposes of arraignment. " 'Whether they would represent the defendants thereafter if no counsel appeared in their behalf, was a matter of speculation only, or, as the judge indicated, of mere anticipation on the part of the court.' " *Cronic*, 466 U.S. at 660, 104 S.Ct. at 2047 (quoting *Powell*, 287 U.S. at 56, 53 S.Ct. at 59). A lawyer did appear on behalf of the defendants, but the defendants were " 'put in peril of their lives *within a few moments* after counsel for the first time charged with any degree of responsibility began to represent them.' " *Id.* (quoting *Powell*, 287 U.S. at 57–58, 53 S.Ct. at 60) (emphasis added).

After citing the *Powell* case as an example of a case in which a presumption of ineffectiveness was proper, the Court in *Cronic* cited *Avery v. Alabama*, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940), as a case which did *not* "give rise to such a presumption." *Cronic*, 466 U.S. at 661, 104 S.Ct. at 2048. In *Avery*, "counsel was appointed in a capital case only *three days* before trial." *Id.* (emphasis added).

■ Hall's case is closer to *Avery* than to *Powell*. We cannot say that in this case three weeks is so short a period that we may presume counsel was unable to prepare sufficiently to perform in a constitutionally adequate manner. In *United States v. Espinosa*, 771 F.2d 1382, 1411 (10th Cir.), *cert. denied*, 474 U.S. 1023, 106 S.Ct. 579, 88 L.Ed.2d 561 (1985), we held that substitution of counsel *four days* before trial did not give rise to a presumption of ineffectiveness. Furthermore, the district court found that "[a]lthough Williams entered his appearance three weeks prior to trial, he was given the full cooperation of Hall's prior counsel who had spent over two months assimilating the facts and preparing Hall's defense." We conclude that the time frame of this case does not give rise to a presumption of ineffectiveness. Nor can we say that Williams's failure to consult with Hall before trial is sufficient to satisfy the *Cronic* standard. Hall correctly points out that it is important for a lawyer to consult with his or her client so that the lawyer can learn facts which might afford the client a legitimate defense. The district court found, however, that Williams enjoyed "the full cooperation" of Hall's first attorney who had spent over two months "assimilating the facts" of the case. Hall points to no omission of important facts from Williams's presentation at trial, and we cannot say that, given the circumstances of this case, Williams's failure to confer with Hall before trial justifies a presumption that his performance was constitutionally deficient.

■ Finally, Hall repeatedly emphasizes that this was a complex case and that Williams had never tried a CCE case before. This was also the first CCE case tried by each of the prosecuting attorneys.

We find no grounds here for a presumption of ineffectiveness.

Given insufficient grounds for a presumption of ineffectiveness, we must determine whether the *actual performance* of counsel was such as to deny Hall his sixth amendment right to effective assistance of counsel. We are guided by the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984):

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Hall alleges that his attorney committed two errors serious enough to deprive him of effective assistance. First, Williams did not request a jury instruction stating that conspiracy is a lesser included offense of engaging in a continuing criminal enterprise and telling the jury to consider the greater offense first, reaching the conspiracy count only if Hall were found not guilty on the CCE count. We cannot say that failure to request this instruction deprived Hall of effective assistance. The record does not reveal Williams's reason for not requesting the instruction. However, we must "indulge a *strong* presumption" that the decision was based on "'sound trial strategy.'" *Id.* at 689, 104 S.Ct. at 2065 (emphasis added) (quoting *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)). We have considered both the short time

Williams had to prepare for trial and the developing nature of this area of law. However, we must also consider the Supreme Court's directive that "[j]udicial scrutiny of counsel's performance must be highly deferential," and that "every effort [must] be made to eliminate the distorting effects of hindsight." *Id.* Thus, we must "evaluate the conduct from counsel's perspective *at the time*" of trial. *Id.* (emphasis added).

We conclude that here "[t]he decision not to request a lesser included offense instruction falls within the wide range of reasonable professional representation." *Woratzeck v. Ricketts,* 820 F.2d 1450, 1455 (9th Cir.1987), *petition for cert. filed,* Jan. 4, 1988. Even assuming that counsel's performance was deficient, Hall has not demonstrated that the alleged deficiency deprived him "of a fair trial, a trial whose result is reliable." *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. Counsel's failure to request the instruction Hall now suggests should have been given did not deprive Hall of his right to effective assistance of counsel.

Hall alleges a second deficiency in counsel's performance, namely counsel's "complete failure ... to challenge the Government's pleadings and proof in relation to § 848's 'continuing series of violations.'" The district court found that Williams's "decision was a matter of trial strategy." The court pointed out that "[c]ounsel chose to concentrate on the issue and proof as it related to Hall's organizing five or more persons. The prosecutors at the hearing conceded that that was the weak point in their evidence." We hold that Williams's performance was well within the "wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065. We also hold that Williams's performance in appealing Hall's convictions was not constitutionally ineffective. On appeal, Williams focused on the sufficiency of the evidence, the constitutionality of the CCE statute, and the lesser included offense issue. *Dickey,* 736 F.2d at 583–88, 588, and 596–97. He successfully argued that Hall's conspiracy conviction

had to be vacated. The decision not to press other issues certainly did not deny Hall the effective assistance of counsel.

Hall has not demonstrated that with regard to either of his claims "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064.

The judgment of the district court is AFFIRMED.