Carl Eugene HINES, Plaintiff–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

No. 91–7014.

United States Court of Appeals, Tenth Circuit.

July 20, 1992.

---

Carl E. Hines, pro se (Michael G. Katz, Federal Public Defender, and Vicki Mandell–King, Asst. Federal Public Defender, Denver, Colo., on Supplemental Brief, for plaintiff-appellant).

John Raley, U.S. Atty., and Paul G. Hess, Asst. U.S. Atty., Muskogee, Okl., for defendant-appellee.

Before EBEL, Circuit Judge, BARRETT, Senior Circuit Judge, and PARKER, District Judge.*

EBEL, Circuit Judge.

This is an appeal from denial of a 28 U.S.C. § 2255 motion for collateral relief from a federal sentence. We hold that a court can address sua sponte a § 2255 movant's failure to raise the issue on direct appeal. Accordingly, we affirm.

## FACTS

The Appellant, Carl Eugene Hines, seeks relief from a federal sentence pursuant to § 2255. Hines was convicted and sen-

tenced in federal court for offenses related to amphetamine and methamphetamine under 21 U.S.C. § 841(a)(1). 881 F.2d 844 (10th Cir.) In his § 2255 motion Hines argues that his conviction and sentence for the methamphetamine-related offenses are illegal because Congress directed the Attorney General to "exclude any non-narcotic substance from a schedule [of regulated drugs] if such substance may, under the Federal Food, Drug, and Cosmetic Act, be lawfully sold over the counter without a prescription." 21 U.S.C. § 811(g)(1). Because certain products that are lawfully sold over the counter without a prescription contain methamphetamine, Hines argues, methamphetamine cannot be scheduled, and his conviction and sentence are therefore invalid.

The magistrate did not address the merits of Hines' argument. Instead, he raised sua sponte Hines' failure to make this argument on direct appeal.

In *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), a federal prisoner moved for relief under § 2255 on the ground that the jury that convicted him received an allegedly erroneous instruction. *Id.* at 157–58, 102 S.Ct. at 1589–90. However, the movant had failed to object to the instruction during trial or on direct appeal. The Supreme Court held that "to obtain collateral relief [under § 2255] based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his ... procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *Id.* at 167–68, 102 S.Ct. at 1594.[1]

In *United States v. Khan,* 835 F.2d 749 (10th Cir.1987), *cert. denied,* 487 U.S. 1222, 108 S.Ct. 2881, 101 L.Ed.2d 915 (1988), we held that the *Frady* cause and prejudice standard applies if a § 2255 movant has failed to raise an issue on direct appeal, regardless of whether the movant

* The Honorable James A. Parker, United States District Judge for the District of New Mexico, sitting by designation.

1. Although not at issue here, § 2255 review of a defaulted claim would also be permitted to avoid "a fundamental miscarriage of justice." *See id.* at 172, 102 S.Ct. at 1596–97.

made a contemporaneous objection to the alleged error at trial. *Id.* at 753–54. For brevity, we will refer to this defense—i.e., that the issue now being asserted in a § 2255 motion was not raised on direct appeal—as the *"Frady* defense."

Based on the *Frady* defense, raised sua sponte, the magistrate recommended that the district court deny Hines' motion. The district court adopted this recommendation.

On appeal, Hines argues that it was improper for the district court to raise the *Frady* defense sua sponte.[2] We disagree.[3]

### DISCUSSION

In *Hardiman v. Reynolds,* 971 F.2d 500 (10th Cir.1992), a case issued contemporaneously with this one, we held that a federal court can raise the state procedural bar defense sua sponte in a proceeding under 28 U.S.C. § 2254. *Id.* at 504. Although we acknowledged a general rule against sua sponte review of unraised issues, we noted that there are at least two exceptions to that rule: First, a court must raise a defense sua sponte if that defense implicates the court's subject matter jurisdiction. *Id.* at 502. Second, where a defense substantially implicates important nonjurisdictional concerns that transcend the interests of the parties to an action, a court may raise the defense sua sponte. *Id.* We held that the state procedural default defense to a § 2254 action substantially implicates important concerns that transcend those of the parties, and thus a court can raise that defense sua sponte. *Id.* at 502–504.

■ The *Frady* defense to a § 2255 action, like the state procedural default defense to a § 2254 action, substantially implicates important concerns that transcend

those of the parties to a case. The *Frady* defense is based upon concerns about finality, docket control, and judicial efficiency. The Supreme Court discussed these concerns in *United States v. Addonizio,* 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979):

> Inroads on the concept of finality tend to undermine confidence in the integrity of our procedures. Moreover, increased volume of judicial work associated with the processing of collateral attacks inevitably impairs and delays the orderly administration of justice. Because there is no limit on the time when a collateral attack may be made, evidentiary hearings are often inconclusive and retrials may be impossible if the attack is successful.

*Id.* at 184–85 n. 11, 99 S.Ct. at 2240 n. 11 (citations omitted); *see also Frady,* 456 U.S. at 165, 102 S.Ct. at 1593 (citing *Addonizio* for " '[t]he reasons for narrowly limiting the grounds for collateral attack on final judgments' "). These concerns substantially implicate important interests beyond those of the parties. Accordingly, we hold that a court can raise the *Frady* defense sua sponte.

Our conclusion receives support not only from *Hardiman,* but also from cases authorizing consideration of an improperly raised nonexhaustion defense to a § 2254 action. *See, e.g., Granberry v. Greer,* 481 U.S. 129, 133, 107 S.Ct. 1671, 1674–75, 95 L.Ed.2d 119 (1987) (court may consider an untimely raised nonexhaustion defense); *Brown v. Fauver,* 819 F.2d 395, 398 (3d Cir.1987) (court can raise nonexhaustion defense sua sponte).[4] Although those cases, like *Hardiman,* arose under § 2254, as opposed to § 2255, the rationale underlying

---

**2.** The Government, in its brief on appeal, noted that the district court's opinion was based on procedural grounds but requested that we address the merits. Answer Br. of Plaintiff/Appellee at 5. However, as we discuss below, the Government's wishes in this regard do not control.

**3.** Because we hold that the district court properly dismissed Hines' § 2255 motion under *Frady,* we do not address the merits of the motion. However, we refer the parties to our recent case

of *United States v. Youngblood,* 949 F.2d 1065 (10th Cir.1991), where we specifically rejected on the merits an argument identical to that raised by Hines. *Id.* at 1066.

**4.** Although *Brown* was brought under 42 U.S.C. § 1983, the Third Circuit treated the action as one under § 2254, pursuant to *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). 819 F.2d at 397.

them is relevant in large measure to whether a court can consider a *Frady* defense to a § 2255 action sua sponte. The question in each context is the same: Does the defense substantially implicate important concerns beyond those of the parties to an action?

Granted, the interests served by the procedural default and nonexhaustion defenses under § 2254 differ somewhat from the interests served by the *Frady* defense under § 2255. The procedural default and nonexhaustion defenses involve comity concerns that the *Frady* defense does not. Conversely, the *Frady* defense involves finality concerns that the nonexhaustion defense does not. However, all of these defenses substantially implicate the interests of judicial efficiency, conservation of scarce judicial resources, and orderly and prompt administration of justice. On balance we conclude that the *Frady* defense, like the procedural default and nonexhaustion defenses, substantially implicates nonparty interests sufficiently weighty to permit sua sponte judicial review.

However, the caution expressed in *Hardiman*, 971 F.2d at 504, deserves repeating here. That a court *may* consider some of these defenses sua sponte does not mean that it *must* raise them sua sponte (except to the extent that a defense is jurisdictional), nor does it even mean that a court ordinarily *should* raise these defenses sua sponte. "The rule that points not argued will not be considered is more than just a prudential rule of convenience; its observance, at least in the vast majority of cases, distinguishes our adversary system of justice from the inquisitorial one." *United States v. Burke*, — U.S. —, 112 S.Ct. 1867, 1877, 119 L.Ed.2d 34 (1992) (Scalia, J., concurring) (citation omitted). We hold here only that the district court has the power to raise a *Frady* defense sua sponte in those situations where the court determines in its discretion that the transcendent interests served by that defense warrant it.

The district court's ability to raise a defense to a § 2255 motion sua sponte is consistent with the authority that the Rules Governing Section 2255 Proceedings in the United States District Courts give to the district courts. Specifically, Rule 4(b) provides: "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." This rule empowers the court to dismiss meritless petitions on its own without requiring any action by the government. Regardless of whether the conditions for sua sponte action under Rule 4(b) are satisfied here,[5] that rule indicates that Congress intended the courts to play a more active role in § 2255 cases than they generally play in many other kinds of cases.

In sum, a court may raise the *Frady* defense sua sponte. As we noted in *Hardiman*, if a court elects to raise a defense sua sponte, the court must generally afford the movant an opportunity to respond to the defense. *See Hardiman*, 971 F.2d at 504–505. However, unlike the district court in *Hardiman*, the district court in the instant case gave Hines this opportunity and Hines availed himself of it. Thus, the district court did not err by denying Hines' § 2255 motion sua sponte on *Frady* grounds.

Accordingly, we AFFIRM the district court's denial of Hines' § 2255 motion.

---

**5.** It is not clear that Rule 4 would justify sua sponte review of a defense *after* the Government responds and fails to raise the defense, as occurred here. Also, it is not clear in the case at bar whether the defense "plainly appear[ed] from the face of the motion."