992 F.2d 1223
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Edward H. WATSON, Defendant-Appellant.
 No. 92-3292.
 United States Court of Appeals, Tenth Circuit.
 April 22, 1993.
 
 Before SEYMOUR, ANDERSON and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Edward H. Watson appeals the district court's denial of his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. On October 18, 1989, Watson was indicted for possession of cocaine with intent to distribute, a violation of 21 U.S.C. § 841(a), and possession of a firearm during or in relation to a drug trafficking crime, a violation of 18 U.S.C. § 924(c). R.Vol. I Tab 50, at 1. Subsequently, on November 20, 1989, Watson entered a plea of guilty to charges contained in a superseding Information, apparently pursuant to a plea bargain. Id.; Final Brief of Appellant at 6. The Information charged Watson with simple possession of 22.7 grams of cocaine base, a violation of 21 U.S.C. § 844, and the firearm violation. R.Vol. I Tab 50, at 1. The trial court accepted the guilty plea, and Watson was later sentenced to five years' imprisonment on each count, the sentences to run consecutively. He filed no direct appeal, but then proceeded to file the instant motion, raising a variety of grounds for relief. He raises only one of those grounds on appeal: whether his guilty plea to the firearm charge was knowing and voluntary. We affirm.
 
 
 3
 Initially we address the issue of procedural bar. Generally, one may not raise issues in a section 2255 motion that could have been raised on direct appeal but were not. United States v. Khan, 835 F.2d 749, 753 (10th Cir.1987) (direct appeal filed; barred issue not raised therein), cert. denied, 487 U.S. 1222 (1988); see Belford v. United States, 975 F.2d 310, 313 (7th Cir.1992) (no direct appeal filed at all). Failure to raise on direct appeal issues cognizable on direct appeal requires a section 2255 movant to show "cause and prejudice" to justify raising those issues in the section 2255 motion. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991); United States v. Frady, 456 U.S. 152, 167 (1982); Belford, 975 F.2d at 313 n. 2; see United States v. Walling, 982 F.2d 447, 448-49 (10th Cir.1992); see also Reed v. United States, 985 F.2d 880, 882-83 (7th Cir.1993); Ford v. United States, 983 F.2d 897, 898-99 (8th Cir.1993); Greene v. United States, 880 F.2d 1299, 1305 (11th Cir.1989), cert. denied, 494 U.S. 1018 (1990).[1] Watson never filed a direct appeal, and has made no showing of cause and prejudice.[2] Therefore, this case, on its face, is a barred action.
 
 
 4
 However, the government has not raised procedural bar or Watson's failure to show cause and prejudice, and the district court proceeded directly to the merits of Watson's motion. Thus, the issue of procedural bar has been waived by the government. United States v. Hall, 843 F.2d 408, 410 (10th Cir.1988). Even so, we are still faced with the question of whether we can invoke procedural bar sua sponte on appeal, and, if so, whether we should do so in this case. We hold that we have the power to raise the question of procedural bar on appeal, and to rule that issues raised on appeal are barred where the record supports such a determination. See Hines v. United States, 971 F.2d 506, 509 (10th Cir.1992). However, while we have the power to deny relief on appeal on procedural grounds, we choose not to do so in this case. The matter has proceeded to the appellate level on the merits of a single issue, and we see no "transcendent interest" strong enough to procedurally bar consideration of that issue at this point. See id. We thus move to the merits of Watson's appeal.
 
 
 5
 The statutes that Watson was convicted of violating provide as follows:
 
 
 6
 Whoever, during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm, shall, in addition to the punishment provided for such crime ..., be sentenced to imprisonment for five years....
 
 
 7
 18 U.S.C. § 924(c)(1). Section 924(c)(2) provides:
 
 
 8
 For purposes of this subsection, the term "drug trafficking crime" means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)
 
 
 9
 ....
 
 Id. § 924(c)(2). Section 844 provides:
 
 10
 [A] person convicted under this subsection for the possession of a mixture or substance which contains cocaine base shall be imprisoned not less than 5 years and not more than 20 years....
 
 
 11
 21 U.S.C. § 844(a).
 
 
 12
 Watson contends that his guilty plea to the firearm charge was "unknowing and involuntary" because a section 844(a) violation cannot be a predicate for a section 924(c) firearm violation. R.Vol. I Tab 43, at 1.[3] He argues that (1) "simple possession" cannot be elevated to a predicate offense of section 924(c) merely by dint of the amount possessed; (2) it is nonsensical to envision a firearm being used in "relation to" a section 844 simple possession offense, especially given the particular facts of this case.[4]
 
 
 13
 The district court dismissed Watson's contentions, stating,
 
 
 14
 [D]efedant's argument is answered by the statute itself. Section 924(c)(2) provides "... the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. § 801, et seq.) ..." This clearly includes 21 U.S.C. § 844, the offense of which defendant was convicted.
 
 
 15
 R.Vol. I Tab 50, at 4. We agree. Simple possession of more than five grams of cocaine base has been defined by Congress as being a predicate offense for section 924(c). While Mr. Watson argues legislative history on the issue, the statutory language is so clear that there is no justification for resorting to legislative history. See United States v. Ron Pair Ent., 489 U.S. 235, 242 (1989) (plain meaning of statute should be conclusive, except in rare cases in which literal application of statute will produce result demonstrably at odds with intention of its drafters) (citing Griffin v. Oceanic Contractors, 458 U.S. 564, 571 (1982)); O'Connor v. U.S. Dep't of Energy, 942 F.2d 771, 773 (10th Cir.1991) (court should venture into thicket of legislative history only when the statutory purpose is obscured by ambiguity). Watson also cites various cases that he claims support his position that the statute does not apply to possession of more than five grams of cocaine base. It is readily apparent from a review of those cases, however, that they do not address the issue before us.
 
 
 16
 For the reasons stated, the district court's denial of Watson's motion to vacate, set aside or correct his sentence is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Coleman replaced the "deliberate bypass" standard established by Fay v. Noia, 372 U.S. 391 (1963), with the "cause and prejudice" test in section 2254 habeas proceedings. While "the interests served by the procedural default and nonexhaustion defenses under § 2254 differ somewhat from the interests served by the Frady defense under section 2255 ..., all of these defenses substantially implicate the interests of judicial efficiency, conservation of scarce judicial resources, and orderly and prompt administration of justice." Hines v. United States, 971 F.2d 506, 509 (10th Cir.1992). It is clear that the Coleman "cause and prejudice" test is the appropriate standard when assessing procedural bar in section 2255 proceedings. Belford, 975 F.2d at 313 n. 2
 
 
 [2]
 Of course, Watson's claim below of ineffective assistance of counsel, along with his belief (fostered, he alleges, by the district court) that his right to appeal had been waived because he pled guilty, may constitute cause. However, Watson made no attempt below (and has made no attempt on appeal) to articulate these contentions in such a way as to show that cause and prejudice existed, even given a liberal construction of his pleadings and arguments. However, because we reach the merits of Watson's contention on appeal, these considerations are not relevant
 
 
 [3]
 Watson's claim is more accurately characterized as a claim that he was sentenced in violation of federal law. To be the basis of a cognizable claim under section 2255, such a violation must result in a complete miscarriage of justice presenting exceptional circumstances. Davis v. United States, 417 U.S. 333, 346-47 (1974); United States v. Shelton, 848 F.2d 1485, 1490 n. 4 (10th Cir.1988) (en banc). Our resolution of Watson's appeal on the merits demonstrates his failure to meet this standard, as well as the standard applicable to "unknowing and involuntary" claims. See Laycock v. New Mexico, 880 F.2d 1184 (10th Cir.1989)
 
 
 [4]
 Applying a liberal construction of the arguments, we note that in his reply brief Watson raises, for the first time, the argument that there was no factual basis for his guilty plea. Generally, we will not address issues raised for the first time in a reply brief. Boone v. Carlsbad Bancorporation, 972 F.2d 1545, 1554 n. 6 (10th Cir.1992). Furthermore, the district court never addressed this argument, and it was not properly raised below. We therefore do not address it on appeal. United States v. Swepston, 987 F2d 1510, 1516 (10th Cir.1993)