13 F.3d 407
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James Edward CLARK, Defendant-Appellant.
 No. 93-4176.
 United States Court of Appeals,
Tenth Circuit.
 Dec. 23, 1993.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 James E. Clark (Clark), appearing pro se, appeals from the district court's order affirming the Report and Recommendation of the magistrate judge, following petitioner's objections thereto, and dismissing petitioner's motion to vacate his sentence filed pursuant to 28 U.S.C. 2255.
 
 
 3
 We have conducted a de novo review of all matters to which petitioner made objections and have conducted a de novo review of the entire file.
 
 
 4
 Petitioner alleged thirty-eight (38) bases for relief from his conviction in 1990 for bank robbery and aiding and abetting, which conviction was affirmed by this court on appeal. The district court issued an order to show cause for petitioner to demonstrate why he did not raise the matters in his initial appeal in order to determine whether some or all of his claims are procedurally barred. The petitioner's responses are very general, basically attacking the district court's handling of the case and contending that he was represented by incompetent trial and appellate counsel.
 
 
 5
 The magistrate judge found that "Petitioner has failed to specifically show prejudice from any of the above alleged violations. Additionally, he has failed to show what issues were appealed or raised on any post-conviction motions." (R., Vol. I, Tab 22, p. 5).
 
 28 U.S.C. 2255 provides:
 
 6
 A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.
 
 
 7
 We have reviewed the record, keeping in mind that when a prisoner represents himself, his petition must be liberally construed, see Haines v. Kerner, 404 U.S. 519 (1972), and he is held to " 'less stringent standards than formal pleadings drafted by lawyers.' " Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988), citing Hughes v. Rowe, 449 U.S. 5, 9 (1980), quoting Haines, 404 U.S. at 520. Nevertheless, a pro se litigant "must follow the same rules of procedure that govern other litigants." Green v. Dorrell, 969 F.2d 915, 917 (10th Cir.1992), cert. denied, --- U.S. ---- (1993).
 
 
 8
 In United States v. Gattas, 862 F.2d 1432, 1435 (10th Cir.1988), we held that a criminal defendant may raise an issue in a motion under 28 U.S.C. 2255 which he did not raise on direct appeal if he did not know, and could not reasonably have known, of the alleged violation until long after sentencing.
 
 
 9
 In this case, petitioner Clark has failed to present any evidence to show why these claims were not presented on his direct appeal, and has presented the claims only in a vague and conclusory manner. More importantly, however, Clark has utterly failed to show, as he must, (1) cause for failing to raise the issues on direct appeal, and (2) actual prejudice resulting from the alleged errors. United States v. Frady, 456 U.S. 152 (1982); Hines v. United States, 971 F.2d 506 (10th Cir.1992).
 
 
 10
 We AFFIRM.
 
 
 
 [1]
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3