**UNITED STATES COURT OF APPEALS**
**Filed 2/12/96**
**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 95-3250 |
| v. | D. Kansas |
| DENNIS RAY WOODWARD, | (D.C. No. 95-CV-3238) |
| Defendant - Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **ANDERSON, BARRETT**, and **LOGAN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

Dennis Ray Woodward appeals the district court's sua sponte denial of his in forma pauperis pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He contends that 1) his conviction was obtained by use of a coerced

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

confession and illegal tampering with evidence; 2) his sentence was improperly enhanced; and 3) his trial counsel was ineffective. We affirm.

Following a jury trial, Woodward was convicted of arson under 18 U.S.C. § 844(i). On appeal, we affirmed his conviction, but remanded the case for resentencing. United States v. Woodward, No. 93-3123, 1993 WL 498178 (10th Cir. Dec. 2, 1993). The details and relevant background facts are fully set forth in our order and judgment. Id. On remand for resentencing, the district court relied on U.S.S.G. § 3C1.1 to enhance Woodward's sentence for obstruction of justice based on a finding that Woodward perjured himself during his testimony at trial. Woodward did not appeal. Rather, he has bundled his challenge to the sentence on remand with the ineffectiveness and other claims listed above.

Except for the ineffectiveness claim, see United States v. Galloway, 56 F.3d 1239, 1242 (10th Cir. 1995) (en banc), Woodward's claims are subject to procedural bar. United States v. Cook, 997 F.2d 1312, 1320 (10th Cir. 1993). However, the government did not assert, and the district court did not consider the issue of default. Therefore, we elect to address the merits, since we would examine them under the ineffectiveness claim, albeit under a different standard, and since Woodward had no opportunity to raise the mitigating factors of cause and prejudice below. See Hines v. United States, 971 F.2d 506, 509 (10th Cir. 1992).

The district court thoroughly analyzed Woodward's claims.  See United States v. Woodward, 896 F. Supp. 1078 (D. Kan. 1995).  Having considered Woodward's argument on appeal, and the record, we affirm substantially for the reasons stated in the district court's opinion.  See Id.

AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge