**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 3 2002**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.                                              No. 01-2298

EMILIANO BARAJAS-DIAZ,

    Defendant - Appellant.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. No. CIV-00-292 LH/RLP)**

---

Submitted on the briefs:

Kari Converse, Albuquerque, New Mexico, for Defendant-Appellant.

David C. Iglesias, United States Attorney, Norman Cairns, Assistant United States Attorney, Albuquerque, New Mexico, for Plaintiff-Appellee.

---

Before **O'BRIEN** and **PORFILIO** , Circuit Judges, and **KANE** ,[*] Senior District Judge.

---

**KANE** , Senior District Judge.

---

[*]    The Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

Defendant-appellant Emiliano Barajas-Diaz ("Barajas") appeals from the district court's order denying his 28 U.S.C. § 2255 motion to vacate, correct or set aside his sentence. [1] Barajas raises two claims in his appeal, one based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and the other on *Richardson v. United States*, 526 U.S. 813 (1999). We previously granted Barajas a certificate of appealability ("COA") on his *Richardson* claim. [2] We now affirm the order of the district court.

Barajas was named as a defendant in three counts of a nine-count indictment. Count One charged him and ten other defendants with conspiring to possess methamphetamine, cocaine and marijuana with an intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Count Two charged Barajas and three other defendants with engaging in a "continuing criminal enterprise" ("CCE"), in violation of 21 U.S.C. § 848(a), (b) and (c), and 18 U.S.C. § 2. Counts Three through Eight charged other defendants, but not Barajas, with various drug-related offenses. Count Nine charged Barajas and the

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[2] For the same reasons stated in the order granting COA, we deny Barajas a certificate of appealability ("COA") on his *Apprendi* claim.

other defendants with criminal forfeiture, in violation of 21 U.S.C. § 853(p). (The forfeiture conviction is not at issue in this appeal.)

The jury convicted Barajas of Count Two, engaging in a CCE.[3] A CCE is defined by statute as follows:

> For purposes of subsection (a) of this section, a person is engaged in a continuing criminal enterprise if--
>
> > (1) he violates any provision of this subchapter or subchapter II of this chapter the punishment for which is a felony, and
> >
> > (2) such violation is a part of a continuing series of violations of this subchapter or subchapter II of this chapter--
> >
> > > (A) which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and
> > >
> > > (B) from which such person obtains substantial income or resources.

21 U.S.C. § 848(c).

We have held, as have most courts, that the "continuing series of violations" mentioned in this statute requires proof of three or more related violations. *See, e.g., United States v. Rodriguez-Aguirre*, 73 F.3d 1023, 1025 n.3 (10th Cir. 1996). At the close of his trial, Barajas moved to dismiss the CCE

---

[3] Since it convicted Barajas of CCE, the jury was instructed not to consider Count One, conspiracy, which is a lesser included offense of CCE.

count on the ground that there was insufficient evidence to show that he was guilty of the three felonies required to support a CCE conviction. The district court denied his motion.

On direct appeal, Barajas shifted his attack and challenged the sufficiency of the indictment. He contended that since the indictment did not name him as a defendant in Counts Three through Eight, it failed to charge that he had personally undertaken the three felonies required for a CCE conviction. *United States v. Barrajas-Diaz* (*Barajas*),[4] No. 97-2351, 1999 WL 107016, at **2 (10th Cir. Feb. 26, 1999). We rejected this argument, holding that references to Barajas' participation in these additional crimes in the "overt acts" section of the conspiracy count had been sufficient to support the indictment for CCE. We also held that the evidence was sufficient to support a CCE conviction.

Subsequent to our decision in *Barajas*, but before Barajas filed his § 2255 motion, the Supreme Court decided *Richardson*. In that case, the Court determined that to support a CCE conviction, the jury "must unanimously agree not only that the defendant committed some 'continuing series of violations' but also that the defendant committed each of the individual 'violations' necessary to make up that 'continuing series.'" *Richardson*, 526 U.S. at 815 (quoting § 848(c)). Barajas requested and received permission to amend his § 2255 motion

---

[4]    Barajas' name was spelled "Barrajas" in the prior appeal.

to allege a violation of *Richardson*. The district court ultimately rejected the *Richardson* claim, both for procedural reasons and on the merits.

The posture of this case does not permit us simply to address the district court's denial of the *Richardson* claim on the merits. Rather, we must first consider two procedural hurdles: (1) whether *Richardson* may be applied retrospectively on collateral review, and (2) whether Barajas' failure to raise a contemporaneous *Richardson* objection at trial and on direct appeal procedurally bars the issue on collateral review.

1. **Retrospectivity under *Teague***

*Richardson* was decided after Barajas' conviction became final. Under *Teague v. Lane*, 489 U.S. 288 (1989), we generally do not apply new constitutional rules of criminal procedure retrospectively to cases on collateral review. *Id.* at 310-11. We must therefore decide whether *Richardson* falls under the *Teague* bar or may be applied retrospectively to Barajas' § 2255 proceeding.

*Teague* only comes into play where the new rule is procedural rather than substantive. Every circuit court that has considered the issue has held that *Richardson* announced a new rule of *substantive* law. Therefore, *Teague* does not impose a bar to applying *Richardson* retrospectively. *See, e.g., United States v. Brown*, 305 F.3d 304, 308 (5th Cir. 2002); *Ross v. United States*, 289 F.3d 677, 681 (11th Cir. 2002); *Santana-Madera v. United States*, 260 F.3d 133, 138-39

(2d Cir. 2001), *cert. denied*, 122 S. Ct. 817 (2002) ; *Lanier v. United States*, 220 F.3d 833, 838 (7th Cir. 2000); *Murr v. United States*, 200 F.3d 895, 906 (6th Cir. 2000). We agree with our sister circuits, and hold that *Teague* does not prevent *Richardson* from being applied retrospectively here.

### 2. *Frady* bar

Having surmounted the *Teague* barrier, Barajas must next face the consequences of his failure to raise a contemporaneous *Richardson* objection. Ordinarily, failure to raise an issue either at trial or on direct appeal imposes a procedural bar to habeas review. *See United States v. Frady*, 456 U.S. 152, 167-68 (1982) ("[T]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains.").

Barajas first contends that he did raise a *Richardson*-style challenge, both at trial and on direct appeal. In the alternative, he raises three challenges to the application of the *Frady* bar to his case. He contends (1) that the government waived the bar; (2) that he made a sufficient showing of cause and prejudice to excuse the bar; and (3) that he is actually innocent.

### a. **Preservation of the issue**

Barajas contends that he raised a *Richardson* -style claim at trial and on direct appeal. The trial record cites he provides reveal at best that he attacked the *evidence* supporting his personal commission of three predicate violations, not the requirement of jury unanimity. *See* R. Supp. Vol. VII at 1179-82; Supp. Vol. VIII at 1361-63. Barajas' challenges on direct appeal concerned the sufficiency of the indictment and the sufficiency of the evidence, rather than the failure to give an instruction concerning the requirement of unanimity on the predicate violations.

Barajas argues that he preserved a *Richardson* error because *Richardson* also created a new requirement that the jury must specifically find that the defendant committed the predicate violations. *See Richardson* , 526 U.S. at 815 (stating that to support a CCE conviction, the jury "must unanimously agree not only that *the defendant committed* some continuing series of violations but also that *the defendant committed* each of the individual violations necessary to make up that continuing series." (emphasis added and quotations omitted)). The short answer to that contention is that there is nothing new about the requirement that the jury find that a defendant committed the predicate violations. That has long been the rule in this circuit, as elsewhere. *See, e.g.* , *United States v. Hall* , 843 F.2d 408, 411 (10th Cir. 1988) (endorsing jury instruction that required jury to find defendant "committed" the predicate violations). Although the direct

appeal panel discussed Barajas' guilt only in terms of the express language of the statute (i.e., whether he "undertook" the violations in concert with those he supervised), it cited *Hall* and we must presume it painted on the canvas erected by *Hall* and other similar authority. In short, *Richardson* did not change the law in this respect and Barajas supplies us with no reason to depart from our earlier holding in *Barajas* concerning his guilt for the underlying offenses. [5]

   b. **Waiver**

Barajas next contends that the government waived the *Frady* bar by not raising it before the district court. [6] Although the government may indeed have faltered, we disagree with Barajas that its failure amounts to a waiver constraining our application of it here for at least two reasons. First, although the government did not raise *Frady* before the district court, the court applied the bar sua sponte. The magistrate judge assigned to this case recommended that the

---

[5] The direct appeal panel relied in part on the theory that Barajas aided and abetted in the underlying predicate violations. *See* 18 U.S.C. § 2. It has long been the rule that aiding and abetting may be used to establish the necessary predicate violations for a CCE conviction. *See, e.g., United States v. Jelinek*, 57 F.3d 655, 659 (8th Cir. 1995). At least one circuit case appears to permit the continued use of aiding and abetting offenses, post-*Richardson,* as predicate violations. *United States v. Escobar-de Jesus*, 187 F.3d 148, 160 n.6 (1st Cir. 1999).

[6] Barajas first raised his *Richardson* claim in the form of a motion to amend his § 2255 motion. The district court granted the motion before the government filed its response to the motion to amend. In any event, in its subsequently-filed response, the government did not raise the *Frady* bar.

*Richardson* claim be denied both on the basis of *Frady* and on the merits, and the district court adopted that recommendation. R. doc. 17 at 4-5; doc. 20. Second, the government does assert the *Frady* bar in this appeal.

"[T]he district court has the power to raise a *Frady* defense sua sponte in those situations where the court determines in its discretion that the transcendent interests served by that defense warrant it." *Hines v. United States*, 971 F.2d 506, 509 (10th Cir. 1992). Neither the government's failure to raise the *Frady* bar in district court nor the district court's alternative disposition of the *Richardson* claim on the merits provides a sufficient reason to ignore the issue now. "[I]f the government does not raise [the *Frady*] procedural bar either the district court or court of appeals may raise and enforce it sua sponte, if doing so furthers 'the interests of judicial efficiency, conservation of scarce judicial resources, and orderly and prompt administration of justice.'" *United States v. Allen*, 16 F.3d 377, 378-79 (10th Cir. 1994) *quoting Hines*, 971 F.2d at 509 (further quotation omitted). [7] Had the *Frady* bar not been imposed by the district court or raised by the government on appeal, we would still be obliged to consider it if doing so would promote efficiency without being unfair. We are not faced with that choice

---

[7] In order to apply *Frady* sua sponte, a court is required to afford the defendant the opportunity to respond. *See Hines*, 971 F.2d at 509. We are satisfied that Barajas had such an opportunity, which he exercised in his objections to the magistrate judge's recommendation that *Frady* be applied.

because the district court exercised informed discretion in applying *Frady*. We reject Barajas' waiver argument.

### c. **Cause and Prejudice**

Barajas begins his argument on the cause and prejudice analysis by contending that AEDPA has superseded *Frady*'s cause and prejudice test. We disagree. Barajas relies on *Daniels v. United States*, 254 F.3d 1180, 1196-97 (10th Cir. 2001) (en banc), in which we stated that the AEDPA amendment to 28 U.S.C. § 2255, paragraph 8 had eliminated the two-part combination of *Teague* and cause and prejudice traditionally applied to second or successive § 2255 motions. *Daniels*, however, did not purport to declare *Frady*, which applies to *initial* habeas petitions, overruled by the AEDPA amendments.

In a more recent case, we explained that "[i]nitial habeas petitions based upon a new rule of constitutional law are not guided by the gatekeeping language of AEDPA, but rather are guided by [*Teague*]." *United States v. Mora*, 293 F.3d 1213, 1218 (10th Cir.), *cert. denied*, 71 U.S.L.W. 3265 (U.S. Oct. 15, 2002) (No. 02-6125). In *Mora* we addressed only the continued applicability of *Teague* and did not have occasion to consider the further question of whether *Frady* also continued to apply post-AEDPA to initial § 2255 motions. This is because *Teague* generally comes into play before *Frady* and the appellant's claim in that case did not even survive the *Teague* test. For the same reasons that *Teague*

remains valid in assessing initial habeas petitions based upon a new rule of constitutional law, however, *Frady*'s cause and prejudice test also remains good law after AEDPA.

We turn, then, to the question of whether Barajas has shown cause and prejudice sufficient to excuse his procedural default. Most of his discussion of cause tacitly relies on the same misperception, which we have already rejected, that his sufficiency of the evidence or sufficiency of the indictment issues somehow incorporated a *Richardson* claim. *See* Aplt. Opening Br. at 28-30. He also argues that since his defense was based on a theory that he had not committed any predicate felonies, "unanimity was not an issue." *Id.* at 28. Counsel's strategic decisions about which arguments to raise on direct appeal, however, do not constitute cause for failing to raise an issue. A § 2255 motion is neither a second appeal nor a substitute for an appeal. *Frady*, 456 U.S. at 164-65.

Finally, Barajas argues that he could not have anticipated the decision imposing a unanimity requirement in *Richardson*. The mere fact that a claim relies on new Supreme Court authority does not constitute cause sufficient to excuse procedural default, unless the claim "is so novel that its legal basis [was] not reasonably available to counsel." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quotation omitted). By the time of Barajas' trial, the unanimity issue had been litigated in a number of federal courts and at least one court had decided that

a specific unanimity instruction on the CCE count was required. *United States v. Echeverri*, 854 F.2d 638, 642-43 (3d Cir. 1988). Barajas fails to show that the issue was so novel that it was not reasonably available to his counsel. We conclude he has failed to show cause for his procedural default.

### d. **Actual innocence**

Barajas can also overcome the *Frady* bar by showing that the constitutional error he raises "has probably resulted in the conviction of one who is actually innocent." *Bousley*, 523 U.S. at 623 (quotation omitted). He must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *United States v. Powell*, 159 F.3d 500, 502 (10th Cir. 1998) (quotation omitted). Barajas argues that the evidence does not support his having personally committed the required number of violations. This being the case, he argues, he is actually innocent of the CCE conviction.

We consider first the scope of our inquiry. We must distinguish a *Richardson* claim simpliciter from a claim of actual innocence. To the extent that a petitioner argues that his particular jury failed to find unanimously each of the predicate violations, his argument is for *legal* rather than *actual* or factual innocence. To the extent, however, that he argues that *no* reasonable jury *could have* found him guilty unanimously of three predicate violations on the evidence presented, he has advanced a claim of *actual* innocence.

-12-

The direct appeal panel held that both the indictment and the evidence were sufficient to support Barajas' CCE conviction. *Barajas*, 1999 WL 107016, at **2. The only evidentiary issue it specifically addressed, however, concerned whether Barajas had obtained substantial income or resources from the enterprise. *Id.* at **3. While it held that the indictment sufficiently alleged that Barajas had at least aided and abetted in as many as five predicate violations, it did not specifically discuss the basis for concluding that the *evidence* presented at trial was sufficient to show he actually committed the offenses. Out of an abundance of caution, therefore, we have conducted an actual innocence inquiry without reference to any preclusive effect of the direct appeal.

We have carefully examined the trial record, and it does not demonstrate Barajas' actual innocence under the standard just outlined. First, Barajas did not contest his guilt of conspiracy to possess marijuana with intent to deliver. Supp. R. Vol. VII at 1230, Vol. VIII at 1361. His role in that conspiracy was to drive to immigration checkpoints and to check whether they were open so that drug load cars could get through. *Id.* Vol. VII at 1238.

The other two violations were established by the evidence at trial. Hector Sanchez-Sanchez testified that Barajas hired him along with three other men in January 1995 to transport drugs. Barajas purchased airline tickets for them in furtherance of the scheme, and took them to a stash house where marijuana and

methamphetamine were stored. *Id.* Vol. III at 258-74. [8] He instructed two of the men to take drugs in a goose-neck trailer to Chicago. *Id.* at 287. While driving a vehicle with the goose-neck trailer attached, they knocked over a tree at a Motel 6 in Las Cruces, New Mexico, and were caught. Officers found 444 pounds of methamphetamine and 55 pounds of marijuana in a dump trailer on top of the goose-neck trailer, and another 675 pounds of methamphetamine and 241 pounds of marijuana in a compartment in the trailer. *Id.* Vol. II at 107-08.

This evidence is sufficient to find a second and third violation by Barajas. As the direct appeal panel noted, the CCE charge included a reference to 18 U.S.C. § 2, aiding and abetting. "The essence of aiding and abetting liability is proof the defendant willfully associated with a criminal venture and sought through some affirmative action to make that venture succeed." *United States v. Green*, 175 F.3d 822, 832 (10th Cir. 1999) (quotation omitted). The jury could have found based on the facts we have cited that Barajas aided and abetted the possession of methamphetamine with intent to deliver. It could also have found that he aided and abetted the possession of marijuana with intent to deliver. Barajas is not entitled to bypass the *Frady* bar through actual innocence.

---

[8]     The government argued that this conduct alone was sufficient to prove that Barajas was guilty of constructive possession of the drugs. *See* Supp. R. Vol. VIII at 1343. Given the other evidence in this case, we need not decide whether this constitutes a separate violation.

The judgment of the United States District Court for the District of New Mexico is therefore AFFIRMED.