Ysidro N. FLOREZ, Jr., Petitioner–Appellant,

v.

Joe WILLIAMS, Warden, Lea County Correctional Facility; Attorney General for the State of New Mexico, Respondents–Appellees.

No. 01–2172.

United States Court of Appeals, Tenth Circuit.

May 17, 2002.

Before EBEL, KELLY, and LUCERO, Circuit Judges.

**ORDER**

EBEL, Circuit Judge.

This matter is before the court on appellee's petition for rehearing and suggestion for rehearing en banc filed March 26, 2002. The petition for rehearing is granted. Therefore, the court's opinion filed February 26, 2002 is withdrawn and the judgment is vacated. The attached panel order and judgment is filed this date. The mandate is reissued.

Appellee's suggestion for rehearing en banc was circulated to the panel members and the active judges of the court as re-

quired by Fed. R.App. P. 35(b). No member of the panel nor judge in active service on the court requested a poll. The suggestion for rehearing en banc is denied.

## ORDER AND JUDGMENT*

Ysidro Florez appeals the district court's denial of his petition for habeas relief. This panel originally affirmed the district court's ruling as to some of Florez's claims[1] and instructed the respondents-appellees ("the State") to submit an answer brief as to the remaining issues. *Florez v. Williams*, No. 01–2172 (10th Cir. Oct. 22, 2001) (unpublished). Following that order, the remaining issues involved whether Florez's trial counsel was ineffective for failing to request a voluntary intoxication instruction and for failing to request lesser-included offense instructions.[2] In an opinion filed February 26, 2002, we concluded that Florez's ineffective assistance claims had merit and accordingly reversed the district court's denial of relief. Central to our holding was our conclusion that the state courts had not decided whether Florez would have been entitled to a voluntary

intoxication instruction had his counsel requested one. (Slip op. at 8–11.) Examining the issue de novo, we concluded that Florez would have been entitled to a voluntary intoxication instruction and that his counsel's failure to request one amounted to ineffective assistance of counsel meriting relief under 28 U.S.C. § 2254. The facts of this case are summarized in that opinion, with which we presume familiarity.

Now before the court is the State's petition for rehearing en banc. The State argues, inter alia, that we erred in concluding that the state court had not decided whether Florez would have been entitled to a voluntary intoxication instruction. Upon further consideration, we agree.

Language in the New Mexico Court of Appeals decision on direct appeal amounted to a conclusion that Florez was not entitled to a voluntary intoxication instruction. *State v. Florez*, No. 20,007, slip op. at 3 (N.M.Ct.App. Apr. 14, 2000) ("In this case, the evidence of intoxication .... did not establish that Defendant was too intox-

---

* After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. By our order of October 22, 2001, we denied a certificate of appealability as to each of the following issues raised by Florez in his appeal: an ineffective assistance of counsel claim stemming from counsel's failure to remove a juror, a due process claim flowing from errors in the jury instructions and in the trial judge's response to a jury question, a double jeopardy claim flowing from his conviction for both second-degree criminal sexu-

al penetration and aggravated burglary, and a challenge to the sufficiency of the evidence regarding the aggravated burglary. By the same order, we granted a certificate of appealability for, but did not resolve, the remaining issues raised on appeal: whether trial counsel provided ineffective assistance by failing to request jury instructions on intoxication, third-degree criminal sexual penetration, and criminal trespass. Our February 26, 2002 opinion reversed the district court's denial of habeas relief as to these issues. The present order involves a reexamination only of our February 26 opinion, not our October 22 order.

2. Florez was convicted in New Mexico state court of second-degree criminal sexual penetration and aggravated burglary. The lesser included offenses at issue are third degree criminal sexual penetration and criminal trespass.

icated to form specific intent, and, indeed, Defendant himself testified that, although he was buzzed, he knew what he was doing."). Our prior opinion regarded this language as effectively nullified by the state court's statement later in the same paragraph that "we do not mean to suggest that Defendant would not have been entitled to lesser included offense instructions had his counsel requested them. We do not decide the issue." *Id.* at 2–3. However, in our previous opinion we erroneously conflated the argument pertaining to a voluntary intoxication instruction with the argument pertaining to lesser included offense instructions predicated on the diminished capacity resulting from the intoxication.

■ As a habeas court, of course, we are bound by state court rulings of state law. Because, as we now recognize, the New Mexico courts ruled that Florez was not entitled under New Mexico law to a voluntary intoxication instruction, it follows that counsel was not ineffective for failing to request one. *E.g., Boyd v. Ward,* 179 F.3d 904, 917 (10th Cir.1999). The district court was correct to reject Florez's ineffective assistance claim based upon counsel's failure to request a voluntary intoxication instruction.

■ The question then remains whether counsel was ineffective for failing to request lesser included offense instructions. We now answer this question in the negative. Given that Florez was not entitled to a voluntary intoxication instruction, and given the absence of other promising defenses, counsel's decision to pursue a defense that the elderly victim consented to Florez's sexual advances was not constitutionally unreasonable. Florez's consent defense held out the hope of a complete acquittal, a hope that would have been undermined by presenting the jury with the alternative of conviction on lesser in-

cluded offenses. Accordingly, the state court's ruling was neither contrary to, nor an unreasonable application of, federal law, *see* 28 U.S.C. § 2254(d)(1), when it concluded that counsel reasonably could have made a tactical decision to pursue a straightforward consent defense rather than seek lesser included offense instructions and risk "confusing the jury with legalistic arguments dependent on finding some elements proved, but not others, and dependent on believing some portions of witness testimony, but not others." *Florez,* No. 20,007, slip op. at 3–4. "We conclude that here the decision not to request a lesser included offense instruction falls within the wide range of reasonable professional representation." *United States v. Hall,* 843 F.2d 408, 413 (10th Cir.1988) (internal quotation marks and alteration omitted).

## CONCLUSION

This panel's prior opinion, filed February 26, 2002, is hereby withdrawn. The district court's decision denying habeas relief is **AFFIRMED.**