**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 1 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LISA DENNY DEMEREE,

    Defendant - Appellant.

No. 02-5170
(N.D. Oklahoma)
(D.Ct. Nos. 00-CV-335-H and
96-CR-151-H)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **BALDOCK**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is therefore ordered submitted without oral argument.

Lisa Demeree appeals the district court's order denying her motion to vacate, set aside or correct her sentence filed pursuant to 28 U.S.C. § 2255. The

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court denied her request for a certificate of appealability (COA), but we granted one on the single issue of whether the lack of a jury instruction requiring unanimous jury consent violated *Richardson v. United States*, 526 U.S. 813 (1999) and whether counsel's failure to request such an instruction constituted ineffective assistance of counsel. Exercising jurisdiction under 28 U.S.C. § 2253(a),(c)(1)(b) we affirm.

### BACKGROUND

On June 4, 1997, a jury convicted Demeree of engaging in a continuing criminal enterprise (CCE) in violation of 21 U.S.C. §§ 841(a)(1), 846, 848(a),©) and (d) and 856 (Count 1). She was also convicted of: 1) conspiracy to possess with intent to distribute, conspiracy to distribute and conspiracy to transport a controlled substance (methamphetamine) in violation of 21 U.S.C. §§ 841, 846 and 856 (Count 2) and 2) aiding and abetting possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a), (1)(b)(1)(A) and 18 U.S.C. § 2 (Count 3).

Demeree received concurrent life sentences on Counts 1 and 3. Count 2 (conspiracy) was vacated at the government's request in accordance with *United States v. Stallings*, 810 F.2d 973 (10th Cir. 1987) (vacating drug conspiracy conviction because lesser-included offense of a continuing criminal enterprise). On direct appeal, we affirmed her conviction. *United States v. Demeree*, 172 F.3d 63, 1999 WL 92262 (10th Cir. 1999) (table decision).

Following Demeree's conviction, the United States Supreme Court held that a jury "must unanimously agree not only that the defendant committed some 'continuing series of violations' but also that the defendant committed each of the individual 'violations' necessary to make up that 'continuing series,'" in order to convict a defendant of engaging in a CCE." *Richardson,* 526 U.S. at 815. *Richardson* applies retroactively. *United States v. Barajas-Diaz*, 313 F.3d 1242, 1245 (10th Cir. 2002).

After denial of her direct appeal, Demeree filed her § 2255 motion, alleging various claims including an ineffective assistance of counsel claim based on her counsel's failure to request an instruction requiring jury unanimity as to the predicate violations undergirding her CCE conviction. The district court held two hearings on the matter and concluded Demeree's counsel was ineffective, but no prejudice resulted. It issued a comprehensive and cogent order addressing all of Demeree's arguments.

## DISCUSSION

We review *de novo* a district court's ruling regarding claims of ineffective assistance of counsel as a mixed question of law and fact. *United States v. Salazar,* 323 F.3d 852, 857 (10th Cir. 2003). In order to demonstrate ineffective assistance of counsel, a petitioner must establish both that her counsel's performance was deficient and she was prejudiced as a result. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Unless both elements are satisfied, "it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id.*

-3-

The instructions given at Demeree's trial did not meet *Richardson's* unanimity requirement.[1]  However, *Richardson* had not even been decided at the time of trial. Nonetheless, she argues her counsel should have requested an instruction requiring unanimity because at the time of trial another circuit had recognized that such an instruction was necessary to appropriately establish a CCE conviction.

At the time of Demeree's trial, we had not yet addressed the issue and our sister circuits were divided.[2]  Significantly, nine years before Demeree's trial, the Third Circuit required jury unanimity for at least three predicate violations in order to establish a CCE

---

[1] The CCE elements instruction provided:

The Government must prove the following five elements beyond a reasonable doubt in order to sustain its burden of proof for the crime of operating a continuing criminal enterprise:

   One: that Defendants committed a felony violation of the federal narcotics laws;
   Two: that such violation was part of a continuing series of violations of the federal narcotics laws;
   Three: that the continuing series of violations was undertaken by Defendants in association or concert with five or more persons;
   Four: that Defendants were organizers of these five or more other persons, or occupied management or supervisory positions with respect to these five or more persons; and
   Five: that Defendants obtained substantial income or resources from the continuing series of narcotics violations.

[2] *Compare United States v. Edmonds*, 80 F.3d 810, 822 (3d. Cir 1996) (en banc) (jury must unanimously agree on which "violations" constitute the series); *with United States v. Hall*, 93 F.3d 126, 129 (4th Cir. 1996) (unanimity with respect to particular "violations" is not required), and *United States v. Anderson*, 39 F.3d 331, 350-351 (D.C. Cir. 1994), and *United States v. Richardson*, 130 F.3d 765 (7th Cir. 1997) (same).

conviction. *United States v. Echeverri*, 854 F.2d 638, 642-643 (3d Cir. 1988). We agree with the district court that Demeree's counsel was ineffective for failing to request a unanimity instruction because of the circuit split and our silence. Although we do not require clairvoyance, counsel is obligated to research relevant law to make an informed decision whether certain avenues will prove fruitful.

Despite counsel's ineffectiveness, Demeree must still show prejudice, to wit, "a reasonable possibility that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Strickland*, 466 U.S. at 695. In making this determination, it is necessary to consider the totality of the evidence before the jury, mindful that a verdict "weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Id*. at 695-96.

There was no prejudice here. "*Richardson* does not require a conviction on all of the violations that make up the series of violations. Instead, its holding merely requires the jury to unanimously determine which violations make up the series." *United States v. Almaraz*, 306 F.3d 1031, 1038 (10th Cir. 2002) (quotation omitted), *cert. denied*, 537 U.S. 1241 (2003). Demeree's convictions on Count 2 (conspiracy) and Count 3 (aiding and abetting possession of a controlled substance) establish two of the three predicate violations required to sustain her CCE conviction.[3] *Barajas-Diaz*, 313 F.3d at 1246 n.5 (aiding and abetting may be used to establish the necessary predicate violations for a CCE conviction); *United*

---

[3] Demeree did not contest this in district court.

-5-

*States v. Hall,* 843 F.2d 408, 411 (10th Cir. 1988) (use of the conspiracy violation itself may be used to satisfy the series of violations requirement in a CCE count). As to the third, the district court concluded that, given the evidence at trial, a reasonable jury would have unanimously agreed that Demeree was guilty of one or more acts of possession with the intent to distribute methamphetamine. We agree. The record contains overwhelming evidence that Demeree possessed a sizable quantity of methamphetamine on at least one occasion, which constitutes a predicate violation for a CCE conviction. Accordingly, the result of the proceeding would not have been different had Demeree's counsel requested an instruction requiring jury unanimity.[4] Because Demeree was not prejudiced by the ineffectiveness of her counsel, we AFFIRM.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

[4] Demeree also asks us to consider her claims in light of the Supreme Court's recent decision in *Blakely v. Washington*, 124 S.Ct. 2531 (2004) (requiring that facts used to enhance a sentence be found beyond a reasonable doubt by a jury or admitted by the defendant). *Blakely* is inapplicable here because the predicate violations required to sustain Demeree's CCE conviction were submitted to the jury and proven through actual conviction and/or overwhelming evidence.