ORDER AND JUDGMENT **
BOBBY R. BALDOCK, Circuit Judge.
In 2005, a California Superior Court convicted Defendant Juan Carlos Aguilar-Ramos of felony robbery in the second degree under California Penal Code § 211. After he served his two-year sentence, De *778 fendant was deported to Mexico. He later reentered the United States in 2014 and was subsequently charged with a single count of reentering the United States after having been deported in violation of 8 U.S.C. § 1326. Defendant entered a blind guilty plea, and the district court sentenced him to 46 months’ imprisonment.
The district court primarily based the sentence ' on an enhancement under § 2L1.2 of the United States Sentencing Guidelines, which governs sentencing for crimes involving unlawful entry into the United States. This section mandates that courts must apply a sixteen-level enhancement to a defendant’s sentence if he or she was previously deported after “a conviction for a felony that is ... a crime of violence.” § 2L1.2(b)(1)(A)(ii). The district court concluded that Defendant’s prior conviction for felony robbery in California constituted a “crime of violence” and thus applied the enhancement.
On appeal, Defendant argues that the district court should not have applied the enhancement. He contends that the district court “erred as a matter of law by treating [his] prior conviction for robbery [under] California Penal Code § 211[ ] as a crime of violence under § 2L1.2(b)(1)(A)(ii).” Appellant’s Br. 1. While Defendant’s appeal was pending, however, we decided United States v. Castillo, 811 F.3d 342 (10th Cir.2015), wherein we resolved the identical question “whether [a] district court erred in concluding that [a defendant’s] conviction for robbery under California Penal Code section 211 qualifies as a conviction for a crime of violence pursuant to § 2L1.2 of the Guidelines.” Id. at 345. We held in that case that “all crimes contemplated by § 211 correspond to crimes of violence under § 2L1.2.” Id. at 349 n. 2. Castillo therefore requires that Defendant’s argument on appeal must fail.
Defendant contends that Castillo is not relevant in this context. Specifically, he points to § 211, which defines robbery as “the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear.” Cal.Penal Code § 211 (emphasis added). Defendant notes that his argument on appeal focuses on robberies conducted by “force” and specifically hones in on the amount of force required to turn such a robbery into a crime of violence under § 2L1.2. Castillo, on the other hand, focused on interpreting robberies accomplished through “fear.” See Castillo, 811 F.3d at 347 (“[A] violation of section 211 achieved through threats to a person meets the generic robbery definition, while a violation of section 211 based on a threat to property corresponds to generic extortion.” (emphases added)). Defendant believes that this distinction shows Castillo does not govern.
Defendant is splitting hairs. Given the Castillo court’s admonition that “all crimes contemplated by § 211 correspond to crimes of violence under § 2L1.2,” id. at 349 n. 2 (emphasis added), that court intended its holding to reach any type of robbery described by § 211, whether or not that robbery was conducted through force or through fear. See also id. at 349 (holding that “[t]he district court did not err in concluding that a conviction under section 211 is a crime of violence” and not limiting that holding to robberies accomplished through fear alone). We thus have no need to consider the amount of force required to turn a § 211 robbery into a crime of violence under § 2L1.2, because the Castillo court held that all robberies under § 211 were crimes of violence. And regardless, the cases that Defendant relies on to establish the amount of force needed—Leocal v. Ashcroft, 543 U.S. 1, 125 *779 S.Ct. 377, 160 L.Ed.2d 271 (2004), and Johnson v. United States, 559 U.S. 133, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010) — do not apply to the twelve enumerated crimes of violence under § 2L1.2 (such as robbery). If anything, these cases would apply only to the meaning of the residual clause of § 2L1.2, which is a question not before us today. See Johnson, 559 U.S. at 135-36, 130 S.Ct. 1265 (interpreting the meaning of “physical force” under 18 U.S.C. § 924(e)(2)(B)® of the Armed Career Criminal Act, which is identical to the residual clause of § 2L1.2).
We AFFIRM the district court’s decision to apply the sixteen-level enhancement.

 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.