**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE LUIS MORENO,

Defendant - Appellant.

No. 16-5116
(D.C. Nos. 4:16-CV-00275-GKF-FHM
and 4:10-CR-00192-GKF-1)
(N.D. Oklahoma)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

Before **GORSUCH**, **BALDOCK,** and **McHUGH**, Circuit Judges.

Jose Luis Moreno appeals the district court's order denying his motion under 28

U.S.C. § 2255 and denying a certificate of appealability (COA) under 28 U.S.C.

§ 2253(c)(1)(B). Exercising jurisdiction under 28 U.S.C. § 2255, we deny COA and

dismiss the appeal.

## I. BACKGROUND

On December 7, 2010, a grand jury returned an indictment charging Mr. Moreno

with Count 1 for robbery and attempted robbery in violation of 18 U.S.C. §§ 1951(a),

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

1951(b)(1), and 1951(b)(3); Count 2 for "brandish[ing] and carry[ing] a firearm . . . during and in relation to a crime of violence," in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and Count 3 for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Mr. Moreno pled guilty to Counts 1 and 2 and was sentenced to 147 months' imprisonment, including 63 months on Count 1 and 84 months on Count 2.

On May 12, 2016, Mr. Moreno filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing the court should vacate Count 2 because the predicate offense—Count 1 for robbery or attempted robbery—did not qualify as a "crime of violence" under 18 U.S.C. § 924(c). Mr. Moreno also asserted the residual clause in § 924(c) was unconstitutionally vague under *Johnson v. United States*, 135 S. Ct. 2551 (2015).

The district court concluded Count 1 "qualifies as a 'crime of violence' under § 924(c)(3)(A) because it 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another,'" which specifically fell within the definition for "crime of violence" as required for Count 2. Accordingly, the district court denied Mr. Moreno's motion and his request for a COA. Mr. Moreno timely filed a notice of appeal on July 12, 2016.

## II.    ANALYSIS

A prisoner challenging a district court's denial of habeas corpus relief under 28 U.S.C. § 2255 must obtain a COA as a jurisdictional prerequisite to proceed with an appeal. 28 U.S.C. § 2253(c)(1)(B); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We

2

will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Mr. Moreno has failed to make the required showing here, we deny his request for a COA.

Mr. Moreno requests a COA to challenge his guilty plea on Count 2, which alleged Mr. Moreno brandished a firearm "during and in relation to any crime of violence" in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Although he pled guilty, Mr. Moreno now argues Count 2 should be declared void under *Johnson v. United States*, 135 S. Ct. 2551 (2015). According to Mr. Moreno, "the § 924(c) residual clause suffers from the identical double-indeterminacy as the ACC[A] residual clause" declared unconstitutionally vague in *Johnson*. This argument, however, focuses on only one of the two definitions of "crime of violence" provided in § 924(c)(3).

Under § 924(c)(3), a "crime of violence" is a felony that either

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) . . . by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The district court acknowledged "[t]he second half of this definition—§ 924(c)(3)(B)—is similar to the language the *Johnson* Court found unconstitutionally vague." But the district court concluded § 924(c)(3)(B) was not the relevant clause for purposes of Mr. Moreno's charges; rather, § 924(c)(3)(A) applied.

3

As the district court explained, "[t]he 'crime of violence' in the Indictment was that charged in [Count 1]," which alleged violations of 18 U.S.C. §§ 1951(a), 1951(b)(1), and 1951(b)(3). And Section 1951(a) provides,

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

"Robbery" is then defined as

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, *by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property*, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1) (emphasis added).

The district court correctly held that robbery, as defined in § 1951, qualifies as a "crime of violence" under § 924(c)(3)(A) because it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Accordingly, Count 2 was not predicated on § 924(c)(3)(B). Although Mr. Moreno argued to the contrary and asserted his guilty plea did not fall within § 924(c)(3)(A), the district court concluded this "argument is not persuasive because it contradicts the plain language of § 1951 and § 924."

We agree. The elements of Count 1—particularly the definition of robbery, which requires use of actual or threatened force or violence—parallel the requirements for finding a "crime of violence" under § 924(c)(3)(A). Thus, Count 1 provided the

4

necessary crime of violence to support Mr. Moreno's guilty plea on Count 2. Mr.

Moreno's challenges under *Johnson* do not change our analysis because Count 1 qualifies

as a "crime of violence" under § 924(c)(3)(A) regardless of any potential vagueness in

§ 924(c)(3)(B).

## III.    CONCLUSION

Because reasonable jurists would not find the district court's assessment of

Mr. Moreno's constitutional claims debatable or wrong, we deny Mr. Moreno's request

for a COA and DISMISS this matter.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

5