*803 ORDER AND JUDGMENT *
Timothy M. Tymkovich, Chief Judge
The question presented in this appeal is whether a conviction for robbery under Colorado law, Colo. Rev. Stat. § 18-4-301(1), is a “crime of violence” for purposes of the United States Sentencing Guidelines, USSG § 4B1.2(a) (2015). We concluded in United States v. Harris, No. 16-1237, 844 F.3d 1260 (10th Cir. Jan. 4, 2017), that because robbery in Colorado has as an element the use or threatened use of physical force against another person, it qualifies as a “violent felony” under the Armed Career Criminal Act’s (ACCA) elements clause. See 18 U.S.C. § 924(e)(2)(B)(i). Like the ACCA, the sentencing guidelines include an identical elements clause in defining crimes of violence. See USSG § 4B1.2(a)(l). Applying the same reasoning outlined in Harris, we conclude Crump’s Colorado robbery conviction qualifies as a crime of violence under § 4B1.2(a)(l).
Crump pleaded guilty to possessing a firearm in violation of 18 U.S.C. § 922(g)(1). Probation calculated Crump’s base offense level as 24 under USSG § 2K2.1, believing he had two or more convictions for either a crime of violence or a controlled substance offense. One of the offenses probation relied on was a 2009 Colorado robbery conviction. Crump objected to the characterization of his robbery conviction as a “crime of violence.” But probation rejected Crump’s argument, opining that his robbery conviction qualified because robbery was enumerated as a crime of violence in the application notes to § 4B1.2. See § 4B1.2, Application Note 1 (2015) (“‘Crimes of violence’ includes murder, manslaughter, kidnaping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.” (emphasis added)). The district court, however, sustained Crump’s objection in an oral ruling, finding: (1) that the application note enumerating robbery as a crime of violence was not authoritative because it is inconsistent with the text of the guideline; and (2) that robbery in Colorado did not satisfy the elements clause in § 4B1.2(a)(l) because robbery does not necessarily require the use or threatened use of physical force. R; 108.
For the same reasons detailed in Harris, we disagree with the district court’s finding that robbery in Colorado does not require the use or threatened use of physical force against another person. As we explained in Harris,
[Wjhether by force, or by threats or intimidation, we conclude that robbery in Colorado has as an element the use or threatened use of physical force against another person. The Colorado Supreme Court has emphasized that robbery requires a violent taking consistent with the common law, which comports with the definition of physical force provided by the Supreme Court in Johnson [v. United States, 559 U.S. 133, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010) ].
Harris, at 844 F.3d at 1270.
Therefore, we reverse the district court’s finding that Crump’s robbery conviction is not a crime of violence under § 4B1.2(a)(l) and remand for resentenc-ing.[1]

 This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

. Because we conclude Crump's robbery conviction qualifies as a crime of violence under the elements clause in § 4B 1.2(a)(1), we do not reach the government’s alternative argument that robbery qualifies because it was enumerated as a crime of violence in *804 § 4B1.2’s application notes. We note the sentencing commission recently amended the Guidelines to address this question going forward by moving robbery from the enumeration in the application notes to the text of § 4B 1.2(a)(2). See 81 Fed. Reg. 4741, 4742 (2016).