**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 17, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

ARMANDO MENDEZ,

     Defendant - Appellant.

No. 18-1259

_____

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 1:17-CR-00434-RM-1)**
_____

Howard A. Pincus, Office of the Federal Public Defender, Denver Colorado, for
Defendant-Appellant.

Paul Farley, Assistant United States Attorney, (Jason R. Dunn, United States Attorney,
with him on the brief), Office of the United States Attorney, Denver, Colorado, for
Plaintiff-Appellee.
_____

Before **HARTZ**, **SEYMOUR**, and **HOLMES**, Circuit Judges.
_____

**SEYMOUR**, Circuit Judge.
_____

     Armando Mendez appeals the sentence imposed after he pled guilty in 2018 to

violating 18 U.S.C. § 922(g)(1), which prohibits felons from possessing firearms. On

appeal, he contends his sentence was improperly inflated because the district court held that a prior conviction for attempted robbery in Colorado qualified as a "crime of violence" under § 4B1.2(a) of the United States Sentencing Guidelines ("U.S.S.G." or "the guidelines"). We affirm.

## I.

Mr. Mendez entered an unconditional guilty plea but objected to the probation officer's presentence report, which calculated a recommended sentence of 30-37 months under the sentencing guidelines. Specifically, Mr. Mendez disputed the determination that a 2001 conviction for attempted robbery in Colorado qualified as a prior "crime of violence," which resulted in an enhanced base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(A). Arguing that the conviction did not qualify, Mr. Mendez asked the court to impose a sentence of 15-21 months using a base offense level of 14, the level applicable to Mr. Mendez absent the crime-of-violence enhancement. After briefing and oral argument on the matter, the district court imposed a sentence of 30 months, holding that Mr. Mendez's 2001 conviction was a crime of violence.

## II.

Whether a prior conviction qualifies as a crime of violence for purposes of the sentencing guidelines is a matter of statutory interpretation. *United States v. Charles*, 576 F.3d 1060, 1066 (10th Cir. 2009). Accordingly, our review is de novo. *Id.*

2

We apply a categorical approach to determine whether a prior conviction falls within U.S.S.G. § 4B1.2(a),[1] which provides that an offense is a "crime of violence" if (1) its elements include "the use, attempted use, or threatened use of physical force against the person of another", or (2) the offense is any of several crimes enumerated in the guideline itself. *See United States v. O'Connor*, 874 F.3d 1147, 1151–52 (10th Cir. 2017). Under the categorical approach, it is not the particular defendant's conduct that counts but the scope of conduct that may be prosecuted under the statute of his conviction. *Id.* at 1151. Violation of the underlying statute must categorically constitute a crime of violence for the enhancement to apply. If a course of conduct would be criminal under the statute but the same conduct would not satisfy either prong of § 4B1.2(a), then no conviction under the statute will serve as a predicate. The test is all or nothing. *O'Connor*, 874 F.3d at 1151.

This case appears, on first blush, deceptively easy to resolve. The application note appended to the guideline defining "crime of violence" clarifies that the term includes "attempting to commit" such a crime. § 4B1.2 cmt. n.1. Moreover, we have previously held that Colorado's definition of robbery is a crime of violence under § 4B1.2 because it involves the use or threatened use of physical force. *See United States v. Crump*, 674 Fed. Appx. 802 (10th Cir. 2017) (unpublished); *cf. United States v. Harris*, 844 F.3d 1260 (10th Cir. 2017) (holding that a conviction under

---

[1] The guideline governing the applicable base offense level for unlawful possession of a firearm incorporates by reference the definition of "crime of violence" in § 4B1.2(a) and Application Note 1 of the commentary to § 4B1.2. U.S.S.G. § 2K2.1 cmt. n.1.

Colorado's robbery statute triggers enhancement under 18 U.S.C. § 924(e)(1)).  This, however, does not end our enquiry.

Section 4B1.2 offers no definition of what constitutes "attempt."  If criminal attempt as defined by Colorado law covers a broader scope of conduct than "attempt" for the purposes of the guidelines, then attempted robbery under Colorado law is not categorically a crime of violence and Mr. Mendez is not subject to the enhancement. The operative portion of Colorado's criminal-attempt statute provides as follows:

> A person commits criminal attempt if, acting with the kind of culpability otherwise required for commission of an offense, he engages in conduct constituting a substantial step toward the commission of the offense.  A substantial step is any conduct . . . which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.

Colo. Rev. Stat. § 18-2-101(1).  Because § 4B1.2 does not define attempt, we compare Colorado's law to a generic definition, which can be formulated by looking to "a wide range of sources . . . , including federal and state statutes, the Model Penal Code, dictionaries, and treatises."  *See O'Connor*, 874 F.3d at 1151.  Here, both parties construct their arguments by comparing Colorado attempt to attempt under the Model Penal Code.  We therefore see no reason to do otherwise.

The Model Penal Code definition of attempt shares the same basic requirements as Colorado's definition, providing in relevant part that a person is guilty of criminal attempt when, acting with the required kind of culpability, he makes a "a substantial step in a course of conduct planned to culminate in his commission of the crime."  Model Penal Code § 5.01(1)(c).  Conduct is not a

4

substantial step "unless it is strongly corroborative of the actor's criminal purpose." *Id.* § 5.01(2).

Mr. Mendez attempts to create some daylight between the two formulations by crafting an argument based on formal logic. While Colorado and the Model Penal Code both require a substantial step, Mr. Mendez argues, they differ as to what conduct will qualify. Under the Model Penal Code, an act is not a substantial step unless the "strongly corroborative" element is met, but that does not necessarily mean that *all* "strongly corroborative" conduct will be a substantial step. *See* Aplt. Br. at 15–20. The Colorado formulation, by contrast, provides that "*any* conduct . . . which is strongly corroborative" will be a substantial step. Colo. Rev. Stat. § 18-2-101(1) (emphasis added). Because showing conduct "strongly corroborative" of criminal intent is sufficient to prove a substantial step under Colorado law, Mr. Mendez argues that Colorado criminalizes some conduct that the Model Penal Code does not. Therefore, he contends, a conviction for attempted robbery in Colorado is not categorically a "crime of violence" for the purposes of the guidelines. We are not convinced.

Mr. Mendez's hairsplitting focus on formal logic loses sight of the categorical approach's purpose, which is to carry out congressional intent by giving a word its commonly understood meaning when the statute itself leaves the term undefined. *See generally Taylor v. United States,* 495 U.S. 575, 597 (1990). A statute that mirrors the generic definition of an offense but makes minor variations in terminology will suffice if it "corresponds in substance to the generic meaning." *See id.* at 599

5

(applying a categorical analysis to a state's burglary statute). Colorado's definition of attempt hews closely to that of the Model Penal Code. Both require a substantial step and both define substantial step by reference to the act's probative value regarding the defendant's criminal intent.

Mr. Mendez points to *People v. Lehnert*, 163 P.3d 1111 (Colo. 2007), as evidence that the Colorado Supreme Court views the statute's departure from the Model Penal Code as significant, implying that Colorado's statute would now criminalize "mere preparation." *See* Aplt. Br. at 19–20; Aplt. Reply Br. at 3. His argument significantly overstates the court's conclusions. In *Lehnert,* the Colorado Supreme Court traced the evolution of Colorado's treatment of attempt. *Id.* The court explained that the emphasis of the current Colorado statute, like the Model Penal Code, is on the degree to which the defendant's conduct corroborates his criminal intent. *Id.* at 1114–15. Nothing in *Lehnert* supports the proposition that Colorado's statute would criminalize "mere preparation," which the *Lehnert* court actually recognized as "a useful way of describing conduct falling short of a 'substantial step'" under the current statute. *Id.* at 1114.

Significantly, Mr. Mendez's assertion that Colorado criminalizes conduct that would not qualify as an attempted robbery elsewhere is purely speculative. The categorical approach focuses on the minimum conduct criminalized by the state statute, but this "is not an invitation to apply 'legal imagination' to the state offense; there must be 'a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a

6

crime.'" *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013) (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)). Where a statute does not on its face criminalize conduct outside the generic definition of the offense, it is not enough to argue that a state *could* interpret its statute to criminalize such conduct; the defendant must show that the state has actually done so. *See United States v. Titties*, 852 F.3d 1257, 1275 (10th Cir. 2017); *see also Moncrieffe*, 569 U.S. at 191. "[H]e must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues." *Duenas-Alvarez*, 549 U.S. at 193; *see also United States v. Alexander*, 809 F.3d 1029, 1033 (8th Cir. 2016) (rejecting categorical challenge to state attempt statute based on a lack of case law construing attempt overinclusively); *United States v. Havis*, 907 F.3d 439, 446 (6th Cir. 2018) (same); *United States v. Garcia-Figueroa*, 753 F.3d 179, 189 (5th Cir. 2014) (same).

Mr. Mendez does no more than offer theoretical grounds on which some conduct might constitute criminal attempt in Colorado but not under the generic definition of the term. He offers no cases to demonstrate that the state has actually prosecuted anyone under his broader definition. He does not even offer a hypothetical course of conduct where it might. For the foregoing reasons, we agree with the district court that attempted robbery as defined in Colorado law is a crime of violence for the purposes of § 4B1.2(a). Accordingly, we AFFIRM Mr. Mendez's sentence.

7