**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 21, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DAVID HILL LOVELACE,

    Defendant - Appellant.

No. 19-1100
(D.C. No. 1:18-CR-00400-CMA-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **KELLY**, and **PHILLIPS**, Circuit Judges.
_____

David Hill Lovelace appeals his twenty-seven month sentence for being a felon in

possession of a firearm and ammunition.  Exercising jurisdiction under 18 U.S.C.

§ 3742(a) and 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

BACKGROUND

In 2011, Lovelace pled guilty to "Attempted Aggravated Robbery-Menace Victim with Deadly Weapon (felony)" in Colorado state court. R., Vol. II at 32. He was sentenced to eight years in prison.

In August 2018, federal probation officers encountered Lovelace in the home of an individual under supervised release. Lovelace admitted owning a Glock 9mm pistol that one of the officers found in the home. The gun had a round loaded in the chamber. Lovelace later pled guilty to being a felon in possession of a firearm and ammunition, a violation of 18 U.S.C. § 922(g)(1).

At sentencing, the district court found that Lovelace's Colorado conviction qualified as a crime of violence, and therefore, his base offense level was twenty. *See* U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(a)(4)(A) (U.S. Sentencing Comm'n 2018) (providing a base offense level of twenty if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense"); *id.* § 4B1.2(a) (defining "crime of violence" as an offense "punishable by imprisonment for a term exceeding one year" that either "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is murder, voluntary manslaughter, kidnapping, [or] aggravated assault," among other crimes). Because Lovelace had accepted responsibility for his crime, the district court decreased the offense level by three points. *See id.* § 3E1.1(a), (b).

Given that Lovelace's criminal history category was IV, his final offense level of seventeen resulted in an advisory sentencing range of thirty-seven to forty-six months. The district court varied downward, however, and imposed a sentence of twenty-seven months, stating that Lovelace "has a real opportunity to be rehabilitated." R., Vol. IV at 46.

Lovelace appeals, challenging the characterization of his Colorado conviction as a crime of violence. Without a prior crime of violence, Lovelace contends his final offense level would be only twelve, resulting in a sentencing range of twenty-one to twenty-seven months.

## DISCUSSION

We review Lovelace's challenge to his sentence de novo. *See United States v. Wray*, 776 F.3d 1182, 1184 (10th Cir. 2015).

Lovelace first argues that his Colorado conviction for attempted aggravated robbery cannot be characterized as a crime of violence under USSG § 4B1.2(a)(2)'s enumerated offenses clause because it does not list attempt crimes. He correctly notes that only the application note to the guideline mentions attempt crimes. *See* USSG § 4B1.2 cmt. n.1 (stating that "[c]rime of violence" . . . include[s] . . . attempting to commit such offenses"). Lovelace concedes, however, that this court in *United States v. Martinez*, 602 F.3d 1166, 1173-75 (10th Cir. 2010), held that the application note properly extends the reach of crimes of violence to attempt crimes. We are bound by this precedent. *See Barnes v. United States*, 776 F.3d 1134, 1147 (10th Cir. 2015) (observing that "absent an intervening Supreme Court or en banc decision justifying such action, we

3

lack the power to overrule prior Tenth Circuit precedent" (alterations and internal quotation marks omitted)).[1]

Lovelace next argues that even if the application note validly expands the definition of crimes of violence, his prior Colorado attempt crime cannot qualify because it is broader than, rather than congruent with, the generic Guidelines offense. *See United States v. Dominguez-Rodriguez*, 817 F.3d 1190, 1195 (10th Cir. 2016) (stating that "[u]nder the categorical approach, we must ensure that the elements of th[e] generic enumerated offense are congruent with the elements of the defendant's prior offense" (internal quotation marks omitted)). This court recently foreclosed Lovelace's argument. *See United States v. Mendez*, 924 F.3d 1122, 1126 (10th Cir. 2019) (holding "that attempted robbery as defined in Colorado law is a crime of violence for the purposes of § 4B1.2(a)").[2]

## CONCLUSION

We affirm.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[1] Lovelace explains that he advances the argument only to preserve it for review by the en banc court and the Supreme Court.

[2] Lovelace concedes that his argument is foreclosed, and he states he advances it only for preservation purposes.

4