**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 28, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LEVON DANIEL CUTHBERTSON,

    Defendant - Appellant.

No. 18-1223
(D.C. Nos. 1:18-CV-00173-REB &
1:16-CR-00204-REB-DW-1)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE, HOLMES**, and **MATHESON**, Circuit Judges.

---

Defendant-Appellant Levon Daniel Cuthbertson appeals from the district

court's denial of his motion to vacate his sentence under 28 U.S.C. § 2255. We

granted a certificate of appealability ("COA") on Mr. Cuthbertson's ineffective-

assistance-of-counsel claim. Mr. Cuthbertson argues that his trial counsel was

ineffective for failing to argue that Hobbs Act robbery does not qualify as a crime

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Federal Rule of Appellate
Procedure 32.1 and 10th Circuit Rule 32.1. After examining the briefs and
appellate record, this panel has determined unanimously that oral argument would
not materially assist in the determination of this appeal. *See* FED. R. APP. P.
34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without
oral argument.

of violence under § 4B1.2(a) of the United States Sentencing Guidelines

("U.S.S.G." or the "Guidelines") because it proscribes threats against property.

We agree. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we

**reverse** the district court's order denying Mr. Cuthbertson's § 2255 motion and

**remand** the case with instructions to **vacate** his sentence and resentence him.

**I**

In 2016, Mr. Cuthbertson pleaded guilty to two counts of being a felon in

possession of a firearm, pursuant to 18 U.S.C. § 922(g)(1). His presentence

report ("PSR") listed his base offense level as 20—a six-level increase from the

usual offense level of 14.[1] The PSR applied the enhancement because Mr.

Cuthbertson purportedly had a prior felony conviction for a crime of

violence—specifically, Hobbs Act robbery. *See* U.S.S.G. § 2K2.1(a)(4)(A)

(applying a base offense level of 20 to unlawful-possession violations where the

---

[1] The U.S. Probation Office used the 2016 edition of the Guidelines in calculating Mr. Cuthbertson's sentence. Trial counsel objected to the use of the 2016 edition. Counsel argued that use of the 2016 Guidelines, instead of the Guidelines in effect at the date of Mr. Cuthbertson's offense, "would violate the *ex post facto* clause of the U.S. Constitution." R., Vol. I, at 30 (Def.'s Objection to Presentence Report, dated Mar. 17, 2017). However, in the Defendant's Objection to the Presentence Report, trial counsel did not explain why using the 2016 Guidelines would violate the Ex Post Facto Clause of the U.S. Constitution. On appeal, Mr. Cuthbertson has not raised this particular argument, so we will not consider it.

defendant has a prior felony conviction for a "crime of violence"). U.S.S.G.

§ 4B1.2(a) defines "crime of violence" as:

>   (a)     [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
>        (1)     has as an element the use, attempted use, or threatened use of physical force against the person of another [i.e., the elements clause], or
>
>        (2)     is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c) [i.e., the enumerated-offenses clause].

Mr. Cuthbertson's counsel objected to the PSR recommendation, arguing that Hobbs Act robbery is not a crime of violence under § 4B1.2(a) because it can be committed with *de minimis* force and it does not require the use of physical force. The government responded with two counter-arguments for why Hobbs Act robbery is a crime of violence: first, it involves the necessary amount of physical force to qualify under the elements clause, § 4B1.2(a)(1); and second, it qualifies as generic robbery under the enumerated-offenses clause, § 4B1.2(a)(2). Notably, the government did not argue that Hobbs Act robbery is "extortion" under the enumerated-offenses clause. Mr. Cuthbertson's trial counsel did not reply to the government's arguments in writing. At sentencing, he merely reiterated the same arguments he had already made in his objection to the PSR.

3

The district court sided with the government and held that Hobbs Act robbery is a crime of violence under both the elements and enumerated-offenses clauses. Consequently, the applicable Guidelines range was 84-to-105 months' imprisonment instead of 46-to-57 months. The district court ultimately sentenced Mr. Cuthbertson to 87 months' imprisonment. He did not file a direct appeal.

Six months later, we decided *United States v. O'Connor*, 874 F.3d 1147 (10th Cir. 2017). In *O'Connor*, we held that Hobbs Act robbery is not a Guidelines crime of violence under either the elements or the enumerated-offenses clauses of § 4B1.2(a). *See* 874 F.3d at 1158. We concluded that Hobbs Act robbery is not categorically a crime of violence under the elements clause because it "criminalizes conduct involving threats to property," *id.*, whereas the elements clause is limited to the "use, attempted use, or threatened use of physical force against the *person* of another," *id.* at 1150 (emphasis added). And we found that Hobbs Act robbery is not categorically a crime of violence under the enumerated-offenses clause as "robbery" because it "encompasses threats to property," whereas "generic robbery excludes threats that are limited to property." *Id.* at 1155.[2]

_____

[2] We further held that Hobbs Act robbery also was not "extortion" under the enumerated-offenses clause. We determined that reasonable minds could disagree over whether "extortion" in § 4B1.2(a)(2) included threats to property. *O'Connor*, 874 F.3d at 1156–57. Thus, we found that the definition of

(continued...)

Following our decision in *O'Connor*, Mr. Cuthbertson received a letter from an attorney in the Office of the Federal Public Defender for Colorado claiming that his trial counsel's performance was constitutionally ineffective for failing to argue "that crimes of violence have to involve violence against a person or that Hobbs Act [r]obbery can be committed by using violence against property." R., Vol. I, at 75 (Ex. A to § 2255 Pet., filed Jan. 22, 2018). The letter attributed this failure by trial counsel to "sloppiness and negligence." *Id.* at 76. The author of the letter was not Mr. Cuthbertson's trial counsel. After receiving the letter, Mr. Cuthbertson filed a *pro se* motion to vacate under 28 U.S.C. § 2255, claiming ineffective assistance of counsel on the same grounds explained in the letter.

The district court denied the motion, holding that "[c]ounsel cannot be deemed to have been constitutionally ineffective because counsel failed to divine at the time of sentencing the future holding of the Tenth Circuit in [*O'Connor*]." *Id.* at 98 (Dist. Ct. Order, dated Apr. 19, 2018). The court then denied Mr. Cuthbertson's request for a COA. The court also certified under 28 U.S.C. § 1915(a)(3) that any appeal from the order would not be taken in good faith, and

---

[2](...continued)
extortion was ambiguous, and we applied the rule of lenity to interpret it to exclude threats of injury to property. *Id.* at 1157–58. As a result, we concluded that Hobbs Act robbery categorically exceeds the extortion offense under the enumerated-offenses clause. *Id.* at 1158.

5

it denied Mr. Cuthbertson's motion for leave to proceed *in forma pauperis*. *Id*. at 98–99. Mr. Cuthbertson filed a notice of appeal.

On appeal, Mr. Cuthbertson argues, *inter alia*, that trial counsel was constitutionally ineffective for failing to argue that Hobbs Act robbery categorically exceeds both the elements and enumerated-offenses clauses because it can be committed against property. *See* Aplt.'s Opening Br. and Request for a COA at 14–30. We issued a COA on this ineffective-assistance-of-counsel claim.

## II

Mr. Cuthbertson claims that trial counsel was constitutionally ineffective for failing to argue that Hobbs Act robbery is not a crime of violence because it extends to threats against property. We respond in the following steps. First, we explain the standard of review and the standard for claims of ineffective assistance of counsel announced in *Strickland v. Washington*, 466 U.S. 668 (1984). Second, we agree that counsel was constitutionally deficient for failing to argue that Hobbs Act robbery is not a crime of violence under both the elements and enumerated-offenses clauses because it extends to threats against property. Third, we hold that counsel's failure to raise these arguments prejudiced Mr. Cuthbertson.

6

**A**

"In reviewing denial of a § 2255 motion for post-conviction relief where a COA has been granted, 'we review the district court's findings of fact for clear error and its conclusions of law de novo.'" *United States v. Viera*, 674 F.3d 1214, 1217 (10th Cir. 2012) (quoting *United States v. Rushin*, 642 F.3d 1299, 1302 (10th Cir. 2011)). "A claim for ineffective assistance of counsel presents a mixed question of fact and law, which we review de novo." *United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006).

To succeed on an ineffective assistance of counsel claim, Mr. Cuthbertson must satisfy the two-part test set out in *Strickland*. Under the first part of the test, Mr. Cuthbertson must show that trial counsel was "deficient," i.e., that counsel's "representation fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 688; *see also Harris v. Sharp*, 941 F.3d 962, 973 (10th Cir. 2019) ("Attorneys are deficient [under *Strickland*] when their mistakes are so serious that they stop functioning as 'counsel' for purposes of the Sixth Amendment."). Under the second part of the *Strickland* test, Mr. Cuthbertson must show "prejudice," i.e., "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. We conclude that Mr. Cuthbertson has succeeded in meeting this burden.

7

**B**

Mr. Cuthbertson argues that trial counsel was constitutionally deficient for failing to argue that Hobbs Act robbery is not a crime of violence—under either the elements or enumerated-offenses clauses—because it extends to threats against property. The government replies that trial counsel was not deficient for failing to make these arguments because at the time of sentencing "no court had held that Hobbs Act robbery's inclusion of threats to property placed it outside the crime of violence definition." Aplee.'s Resp. Br. at 7. The government insists that "[b]ecause effective representation does not require clairvoyance, counsel is not ineffective for 'failing to predict future law'"—specifically, our holding in *O'Connor*. Aplee.'s Resp. Br. at 10 (quoting *Bullock v. Carver*, 297 F.3d 1036, 1052 (2002)); *see Sherill v. Hargett*, 184 F.3d 1172, 1175 (10th Cir. 1999) ("Generally, counsel is not ineffective for failing to anticipate arguments or appellate issues that only blossomed after defendant's trial and appeal have concluded.").

Nonetheless, Mr. Cuthbertson argues that effective counsel would have been aware of these arguments at the time of sentencing because (1) it was obvious from the text of the statute that Hobbs Act robbery did not categorically fall within the elements clause, and (2) we previously had "strongly suggested" in *United States v. Castillo*, 811 F.3d 342, 347 (10th Cir. 2015), that "generic robbery is limited to threats against a person." *O'Connor*, 874 F.3d at 1154. We

8

agree with Mr. Cuthbertson.

**1**

Mr. Cuthbertson first contends that trial counsel was constitutionally deficient for failing to argue that Hobbs Act robbery is not a crime of violence under the elements clause because it extends to threats against property. We agree and hold that reasonably competent counsel would have been aware of the argument and would not have failed to make it.

In *Heard v. Addison*, we concluded that when the breadth of a statute was "constitutionally suspect," "minimally competent counsel would have recognized a likely defense *based on the statute's text*" alone. 728 F.3d 1170, 1180 (10th Cir. 2013) (emphasis added). We further held that, "[h]aving reached such a conclusion, any minimally competent lawyer would then have turned to case law to determine whether the . . . statute's reach . . . had somehow [been] limited." *Id.* If "no narrowing construction" is found, we concluded that "minimally competent counsel would have recognized the possibility of asserting viable defenses to culpability under the statute." *Id.*

As in *Heard*, we hold that effective counsel would have recognized a likely defense to the application of the crime-of-violence enhancement based on the text of § 4B1.2(a) alone. By its very terms, Hobbs Act robbery exceeds the scope of the elements clause. Hobbs Act robbery is "fear of injury, immediate or future, to [the victim's] person *or property*." 18 U.S.C. § 1951(b)(1) (emphasis added). Yet

9

the elements clause is explicitly limited to crimes that have "as an element the use, attempted use, or threatened use of physical force against *the person of another*." U.S.S.G. § 4B1.2(a)(1) (emphasis added). In that way, the scope of Hobbs Act robbery categorically exceeds the scope of "crimes of violence" under the elements clause.

Having recognized this potential defense, effective counsel would "have turned to case law to determine whether" the courts had foreclosed "the possibility of asserting it." *Heard,* 728 F.3d at 1180. The government points to three groups of cases supposedly undermining this defense based on the distinction between an offense against a person and property. We hold that none of the three groups of cases undermined the potential person/property defense to the point that "minimally competent counsel would [not] have recognized the possibility of asserting [it]." *Id.*

The first group consists of two cases holding that robbery under Colorado state law satisfies the elements clause of § 4B1.2(a) and the identical elements clause of the Armed Career Criminal Act. *See United States v. Crump*, 674 F. App'x 802, 803 (10th Cir. 2017) (unpublished); *United States v. Harris*, 844 F.3d 1260, 1270 (10th Cir. 2017). Yet the person/property distinction was not at issue in either case. Instead, both defendants argued that robbery under Colorado law did not satisfy the "physical force" factor of the elements clause. *See Harris*, 844 F.3d at 1264 ("Harris limits his challenge to the elements clause's 'physical force'

10

component."); *Crump*, 674 F. App'x at 803 (applying *Harris* to reverse the district court's ruling that robbery in Colorado did not satisfy the elements clause in § 4B1.2(a)(1) "because robbery does not necessarily require the use or threatened use of *physical force*" (emphasis added)). Moreover, in *Harris*, the panel relied on the fact that Colorado Supreme Court precedent "undermine[d] the position that Colorado would prosecute threats against property, or intimidation by means not implicating bodily harm, as robbery." 844 F.3d at 1270. The *Harris* panel thus concluded that Colorado robbery "has as an element the use or threatened use of physical force against another person." *Id.* And *Crump*, decided by the same panel on the same day, relied on *Harris* to reach the same conclusion. 674 F. App'x at 803. Thus, *Crump* and *Harris* in no way undermine the person/property defense.

The second group of cases consists of two Eighth Circuit decisions. These cases purportedly stand for the proposition that Hobbs Act robbery falls within the elements clause of 18 U.S.C. § 3559(c)(2)(f)(ii), which, like the elements clause of § 4B1.2(a)(1), requires the use or threat of physical force *against a person*. *See United States v. Farmer*, 73 F.3d 836, 842 (8th Cir. 1996); *United States v. House*, 825 F.3d 381, 386–87 (8th Cir. 2016). *But see United States v. Eason*, 953 F.3d 1184, 1190 (11th Cir. 2020) (casting doubt on whether either *Farmer* or *House* may be construed as basing their holding solely on the alleged congruence between Hobbs Act robbery and § 3559(c)(2)(f)(ii)'s elements clause). These cases,

11

however, are neither binding nor persuasive. They are not binding because they are out-of-circuit, and they are not persuasive because they reach their holdings without much meaningful analysis and, more importantly, without any analysis whatsoever of the person/property defense at issue here. *See Farmer*, 73 F.3d at 842; *House*, 825 F.3d at 386–87.

The final group consists of cases from multiple circuits, including this one, holding that Hobbs Act robbery qualifies as a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A). *See United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017) (noting the "unbroken consensus" of circuits that have considered whether Hobbs Act robbery is a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A)), *vacated on other grounds*, 138 S. Ct. 126 (2017); *see also United States v. Moreno*, 665 F. App'x 678, 681 (10th Cir. 2016) (unpublished) (holding that Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)(3)(A)). Yet these cases also do not undermine the person/property defense. As the government itself admits, the elements clause of § 924(c)(3)(A)—*unlike* the elements clause of § 4B1.2(a)(1)—explicitly includes the use of force *against property*. *See O'Connor*, 874 F.3d at 1158 ("There is nothing incongruous about holding that Hobbs Act robbery is a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A), which includes force against a person or property, but not for purposes of U.S.S.G. § 4B1.2(a)(1), which is limited to force against a person.").

12

Because none of these three groups of cases foreclosed the person/property defense, we hold that "minimally competent counsel would have recognized the possibility of asserting" it. *Heard*, 728 F.3d at 1180.

As we further recognized in *Heard*, "our determination that constitutionally sufficient counsel would have become aware of the defense and cases we have discussed does not end our inquiry." *Id.* at 1182. We must still determine whether competent counsel, after becoming aware of the person/property defense, could have reasonably chosen *not* to raise it. As the government points out, counsel is not required to raise every meritorious claim, *see Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986), and may reasonably decide not to raise a "colorable" argument to avoid watering down a stronger one, *Jones v. Barnes*, 463 U.S. 745, 753 (1983) ("A brief that raises every colorable issue runs the risk of burying good arguments . . . in a verbal mound made up of strong and weak contentions."). Moreover, *Strickland* imposes a strong presumption that a counsel made a later-disputed decision "in the exercise of reasonable professional judgment." 466 U.S. at 690.

In spite of the heavy burden imposed by *Strickland*, we hold that counsel was constitutionally deficient for failing to argue that Hobbs Act robbery is not a crime of violence under the elements clause because it extends to threats against property. Stated otherwise, Mr. Cuthbertson's counsel represented him in an objectively unreasonable manner when he failed to argue the person/property

13

defense. Although it is true that counsel may reasonably choose not to raise a colorable argument to risk diverting attention away from stronger ones, we "may not indulge 'post hoc rationalization' for counsel's decisionmaking that contradicts the available evidence of counsel's actions." *Richter*, 562 U.S. at 109 (quoting *Wiggins v. Smith*, 539 U.S. 510, 526–527 (2003)). Here, trial counsel raised two weaker arguments for why Hobbs Act robbery is not a crime of violence under the elements clause: specifically, (1) that it can be committed by *de minimis* force, and (2) that it can be committed by threatening force that is not physical. We cannot conclude that reasonable counsel would have chosen to forgo the person/property defense to avoid watering down these two weaker defenses. Thus, Mr. Cuthbertson has met his first-prong *Strickland* burden of showing that his counsel's representation was objectively unreasonable—*viz.*, reasonable counsel would not have failed to argue that Hobbs Act robbery is not a crime of violence under the elements clause because it proscribes threats against property.

**2**

Next, Mr. Cuthbertson argues that trial counsel was constitutionally deficient for failing to argue that Hobbs Act robbery is not a crime of violence under the enumerated-offenses clause because it categorically exceeds generic robbery, also by extending to threats against property. We agree.

Effective trial counsel would have had several reasons for knowing that Hobbs Act robbery is broader than generic robbery under the enumerated-offenses

14

clause. First, and most importantly, effective counsel would have looked to language in *United States v. Castillo*, 811 F.3d 342 (10th Cir. 2015). The defendant in *Castillo* argued that his conviction for robbery under California law was not a crime of violence under U.S.S.G. § 4B1.2(a), and thus the district court erred in applying a sentencing enhancement. In our decision, we acknowledged the defendant's argument that "the weight of authority and the vast majority of state criminal codes require a threat to a person, not merely to property, to constitute robbery." *Id.* at 346. We also highlighted the government's concession that including threats to property in "the generic definition of robbery . . . is 'the minority position' in state criminal codes." *Id.* But we nonetheless still concluded that the robbery was a crime of violence under U.S.S.G. § 4B1.2(a) because it amounted to "extortion" under the enumerated-offenses clause. However, that ultimate holding hardly diminishes the otherwise strong implication of our language on generic robbery in U.S.S.G. § 4B1.2(a)—the implication that the reach of this offense does not extend beyond threats against persons. Indeed, that reasonable counsel should have discerned this meaning from *Castillo*'s text was expressly recognized later in *O'Connor*, where we observed the following: "We strongly suggested that generic robbery is limited to threats against a person in *Castillo*, although our holding did not rely on it." 874 F.3d at 1154.

Moreover, as telling as it is, effective counsel need not have relied solely on the plain text of *Castillo* for support for this elements-clause argument. For

15

example, in an unpublished Tenth Circuit panel concurrence, one of our colleagues, addressing *Castillo*, commented that "Mr. Castillo was correct about the differences between the California robbery statute and generic robbery." *United States v. Aguilar-Ramos*, 645 F. App'x 777, 779 (10th Cir. 2016) (McHugh, J., concurring). In that way, the panel concurrence foreshadowed the conclusion we reached in *O'Connor.*

Effective counsel also could have found support in an analogous holding by the Ninth Circuit in *United States v. Becerril-Lopez*, 541 F.3d 881 (9th Cir. 2008). The question presented in that case was whether robbery under California law is a crime of violence as defined in U.S.S.G. § 2L1.2, a portion of the Guidelines on unlawfully entering or remaining in the United States. As in U.S.S.G. § 4B1.2(a), one of the enumerated offenses under U.S.S.G. § 2L1.2 is robbery. The Ninth Circuit concluded that robbery under California law "is broader than generic robbery [under U.S.S.G. § 2L1.2] . . . because it encompasses takings accomplished by a broader range of threats than would the generic offense." *Becerril-Lopez*, 541 F.3d at 891. That is, robbery under California law is "broader because it encompasses mere threats to property, such as 'Give me $10 or I'll key your car' or 'Open the cash register or I'll tag your windows.' [California state-law robbery] is not, therefore, categorically 'robbery' as used in the [U.S.S.G. § 2L1.2]." *Id.*

16

In short, effective counsel would have been aware of this elements-clause argument, which was strongly suggested in a published Tenth Circuit case, acknowledged in an unpublished Tenth Circuit panel concurrence, and actually adopted in an analogous context in a published out-of-circuit case. *Cf. Heard*, 728 F.3d at 1182, 1184 (holding that counsel was constitutionally ineffective, in a state court trial, for failing to discover two "unpublished decisions" by the state's highest court of criminal appeals); *United States v. Demeree*, 108 F. App'x 602, 605 (10th Cir. 2004) (unpublished) (holding that counsel was constitutionally ineffective for failing to make an argument even though "we had not yet addressed the issue and our sister circuits were divided"). We therefore hold that effective counsel would have been aware of the person/property defense to the government's claim that Hobbs Act robbery is a crime of violence under the enumerated-offenses clause.

Yet, as previously discussed, "our determination that constitutionally sufficient counsel would have become aware of the possible defenses and cases we have discussed does not end our inquiry." *Heard*, 728 F.3d at 1182. But we conclude that Mr. Cuthbertson has successfully shouldered his burden of demonstrating that it was objectively unreasonable representation for Mr. Cuthbertson's counsel to fail to argue that Hobbs Act robbery is not generic robbery under U.S.S.G. § 4B1.2(a)(2) because it extends to threats against property.

The government argues that counsel could have reasonably chosen not to raise the defense to avoid relying on *Castillo* and *Becerril-Lopez*. According to the government, relying on these cases would have alerted the court to an alternative ground on which to rule for the government—namely, that Hobbs Act robbery is a crime of violence because it falls within the enumerated offense of extortion.

We disagree. Prior to Mr. Cuthbertson's sentencing hearing, the Sentencing Commission amended the Guidelines to include a definition of the term "extortion." *See* U.S.S.G. § 4B1.2 cmt. n.1 (2016) ("'Extortion' is obtaining something of value from another by the wrongful use of (A) force, (B) fear of physical injury, or (C) threat of physical injury."). In doing so, the Commission supplanted the prior generic definition of extortion in U.S.S.G. § 4B1.2(a)(2) with a new and narrower one. *See O'Connor*, 874 F.3d at 1156 ("We need not derive a generic definition of extortion because the Guidelines provide the applicable definition in Amendment 798, effective as of August 1, 2016," which "'narrow[ed]' the long-standing generic definition of extortion." (quoting Amendment 798 at 131)). Thus, at the moment of Mr. Cuthbertson's sentencing, *Castillo* and *Becerril-Lopez*—which held that robbery committed by threats to property is *generic* extortion—were irrelevant to whether robbery committed by threats to property was extortion under U.S.S.G. § 4B1.2(a)(2). As a result, it would have been unreasonable for counsel to fail to argue that Hobbs Act robbery

18

is broader than generic robbery just so he could avoid relying on *Castillo* and *Becerril-Lopez*.

* * *

Mr. Cuthbertson has shown that counsel—providing objectively reasonable representation—would not have failed to argue that Hobbs Act robbery is not a crime of violence, under both the elements and enumerated-offenses clauses, because it extends to threats against property. Mr. Cuthbertson therefore has met his burden under the first part of the *Strickland* test.

**C**

We now turn to the second part of the *Strickland* test, whether the ineffective assistance of counsel prejudiced Mr. Cuthbertson. Here we ask whether there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. We hold that Mr. Cuthbertson did suffer prejudice as a result of trial counsel's failure to argue that Hobbs Act robbery is not a crime of violence because it extends to threats against property.

"When, as here, the basis for the ineffective assistance claim is the failure to raise an issue, we must look to the merits of the omitted issue" to determine whether that failure was prejudicial. *Orange*, 447 F.3d at 797. Here, the omitted arguments were wholly meritorious, as shown by our two-fold holding in *O'Connor* that: "one can commit Hobbs Act robbery by threatening property

19

alone"; and a "generic robbery is limited to the use or threat of force against a person, and thus a robbery statute that punishes the use or threat of force against *property* exceeds the generic robbery definition." *O'Connor*, 874 F.3d at 1153–54. This leaves no doubt that the omitted arguments—on both the elements and enumerated-offenses clauses—were meritorious, and we conclude that there is a reasonable probability that raising the arguments would have altered the outcome of the proceedings. Thus, we hold that trial counsel's failure to raise them was prejudicial.

## III

For the foregoing reasons, we hold that Mr. Cuthbertson has successfully established a violation of his Sixth Amendment right to counsel. Consequently, we **REVERSE** the district court's denial of his motion under 28 U.S.C. § 2255 and **REMAND** the case to the district court with instructions to **VACATE** Mr. Cutherbertson's sentencing judgment and resentence him.[3]

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

---

[3] Mr. Cuthbertson's motion to proceed *in forma pauperis* is **granted.**

20